Nebraska City v. Lucius Lampkin.

NEBRASKA CITY, PLAINTIFF IN ERROR v. LUCIUS LAMPKIN, DEFENDANT IN ERROR.

1. **Grade of Streets in Cities.** DAMAGES. Action to recover damages alleged to have been occasioned to a store building by reason of changing the grade of the street adjoining thereto. Under the issues it was necessary for the plaintiff to show the existence of a prior grade with reference to which the building was erected. *Held*, that to establish the existence of a grade for a street in a city the records and files pertaining thereto should be produced; that unless these be shown to be either lost or destroyed; secondary evidence will not be received. *Held*, also, that loose expressions made by officers of the city indicating that they supposed such a grade to have been established, are but hearsay, by which the corporation is not bound.

2. ——: —— Where a city, in the reasonable exercise of an authority given by its charter, establishes a grade for its streets, and works them in accordance therewith, there being no provision of law for the payment of damages, an action will not lie.

ERROR from the district court of Otoe county. Tried before GANTT, J., at the March term 1873. The facts necessary to an understanding of the points passed upon by the court, appear in the opinion.

*G. B. Scofield* and *Calhoun & Croxton* for plaintiffs in error, in an elaborate brief containing cuts and profiles of the grading, and of the building alleged to be damaged by a change of grade, contended that the proof showed conclusively, that prior to the purchase of the

property by Lampkin, no grade had been established, and that none was established until 1869; that all of the testimony offered which tended to show that a grade had been established prior to the purchase was but mere hearsay and not worthy of credence. *Green v. Hepburn,* 7 Cranch, 590. *Davis v Wood,* 1 Wheat., 6.   1 Greenleaf on Evidence, 128.   That on the other hand, all the evidence offered on the part of the city, consisting of records of the city council, which were excluded by the court, showed that the grade was not established until 1869, after which the grading complained of was made, and the street in front of Lampkin's property cut down some three or four feet.   But admitting a grade had been established prior to the erection of the building claimed to have been damaged by the excavation, still the city is not liable.   Municipal corporations are not liable to an action for consequential damages to private property or persons (unless it is given by statute) where the act complained of was done by its officers under and pursuant to authority conferred by a valid act of the legislature, and there has been no want of reasonable care or skill in the execution of the power, although the same act, if done without legislative sanction, would be actionable. *Callender v. Marsh,* 1 Pick., 418. *Rounds v. Munford,* 2 R. I., 154. *Radcliff's executors v. Mayor of Brooklyn,* 4 Comst., 195. *Sprague v. Worcester,* 13 Gray, 193. *Snyder v. Rockport,* 6 Ind., 237.

It seems to be well settled by an overwhelming number of authorities that " a municipal corporation is not liable to property owners for consequential damages necessarily resulting from either establishing a grade or changing an established grade of streets, although improvements were made in conformity to the first grade." Dillon on Corporations, 525. *Taylor v. St. Louis,* 14 Mo., 20. *Hovey v. Mayo,* 43 Maine, 322.

*E. F. Warren*, for defendant in error.

I.   It seems to me, from an examination of the record, that about the only question for this court to decide is, whether a municipal corporation is absolutely unfettered in its supervision of the streets of a city.   In this case there was evidence that a grade had been established prior to 1866, and no evidence whatever that a change had been legally made, and the question is presented to the court in this record, of whether the corporation can excavate and fill up upon the streets at pleasure, without regard to grade as established, without being called upon to respond in damages.   The court charged the jury as follows:

"I further charge you, that if you find from the evidence that when the building was erected by Bokart (Lampkin's grantor), there was no grade established and recognized by and acted upon by the city council as a grade of Main street, and that Bokart erected said building without any such grade being made and fixed and recognized by said city council, then the plaintiff cannot recover.  Buildings erected upon the streets of a city or town with corporate powers, prior to any grade whatever being made and recognized by the city authorities, are erected at the risk of the owner, as to the grade of the street which shall thereafter be established, without any liability on the part of the corporation."

And again, the court charged the jury:

"*Fourth.*   If the jury believe from the evidence that the grading was done under, and in pursuance of authority conferred upon the municipal corporation of Nebraska City by its charter, and there was no want of reasonable care or skill in the execution of the power, then this corporation is not liable for consequential damages, and the plaintiff cannot recover."

This instruction was certainly very liberal for the defendant below, because the court had previously charged the jury "nor is there any evidence in this case that the grade of Main street has been changed, altered, and established by ordinance of the city council since the erection of said building."

The American courts have very generally followed the English decisions, which hold that the municipal corporation can at will alter and change a grade previously established, as well as establish one when none has been made. *Smith v. Washington,* 20 How., 135. *O'Connor v. Pittsburgh,* 18 Pa. St., 187. *Dillon on Mun. Corp.,* Sec. 783, 784, *et seq.* So with the Wisconsin cases. But in *O'Connor v. Pittsburgh,* 18 Pa. St., *supra,* Gibson, Ch. J., in his opinion, admits "it is inequitable" to exempt the corporation from liability, though he follows the rule and cites English authorities to sustain him. So in the leading Wisconsin case of *Alexander v. Milwaukee,* 16 Wis., 256, the court say: "As an original question there is much justice and equity in the Ohio cases;" and Paine, J., says: "I should now, if I felt at liberty to regard the question as a new one, hold that either the city or state was liable for such damages." The moral injustice of the English rule is admitted in Wisconsin, and Smith, J., in *Goodall v. Milwaukee,* 5 Wis., 32, approves the doctrine held in Ohio.

But the Ohio rule is different, and the rule in that state is admitted by courts holding the contrary view to be just, equitable, and "morally right." A municipal corporation, like an individual, is liable for injuries resulting to the property of others from the acts of such corporation, though acting *within* the *scope* of its corporate authority, and without any circumstances of negligence or malice. *Akron v. McCombs,* 18 Ohio, 229. *Little Miama R. R. Co. v. Martin,* 10 W. L. J., 54

*McCombs v. Akron*, 15 Ohio, 474. *Crawford v. Delaware*, 7 Ohio St., 459. *C. & S. G. Ave. St. R. Co. v. Cumminsville*, 14 Ohio St., 546. Though it seems no liability would exist in case no grade had been previously established. 7 Ohio St., 459. 14 Ohio St., 546.

And in this young state, where no decisions have been rendered fixing corporate liability, and when, consequently, the argument *stare decisis* has no weight, no reason exists why exact justice should not be done. *Scott v. Field*, 7 Ohio 96.

II. Taking the most adverse view for defendant in error, the instruction of the court to the jury, in the extract first given, left all to the jury as a question of *fact*, and they were told that if no grade had been established before the building was erected, the city would not be liable; they were also charged that if the excavating and grading had been done under and in pursuance of authority conferred by statute, no liability would be incurred by the city. Therefore the jury must have found from the evidence these two facts: 1. A grade had been established by the city authorities prior to the erection of the building; and 2d. No change of grade had ever been legally made subsequently. The evidence warranted both these findings, and they are decisive of the case.

LAKE, CH. J.

The defendant in error recovered a judgment in the court below against the plaintiff in error for the sum of $701.29 damages, alleged to have been occasioned by changing the grade of the street adjoining his lot, and working the same in conformity therewith, by which a valuable store building was rendered less accessible, and somewhat less valuable for business purposes than before.

There was no complaint of any direct encroachment upon the lot or property in question, but the damages

were the result, entirely, of lowering the street some three or four feet below what it was when the building was erected.

The answer of the city denied that the grade of the street was changed, but alleged substantially, that up to the time of the acts complained of no grade for this street had ever been established, and that this was but the lawful exercise of a power conferred upon the city council for which the corporation was not liable.

According to the theory of the case then, as made by the petition, even conceding the city would be liable for damages caused by changing a grade once established, in order to have justified a recovery, it was necessary to show the existence of a grade at the time the improvements were put upon the lots. On this point, however, there is a total want of legal proof. It is true that certain loose expressions made from time to time by certain officers of the city government would seem to indicate that they supposed such a grade had been made, but these cannot be dignified by the name of evidence; they are hearsay merely, by which the city cannot be bound.

To establish the existence of a grade for a street in a city, the records and files pertaining thereto should be produced. Unless these be shown to be either lost or destroyed, secondary evidence will not be received. This was a vital point in the plaintiff's case, and the failure of proof to sustain it requires a reversal of the judgment.

As to the liability of a municipal corporation for injuries to adjoining property caused by the grading of its streets, while there is some conflict in the authorities, the decided preponderance seems to be in favor of the rule that, when the corporation, in the reasonable exercise of an authority given by its charter, establishes a grade for its streets, and works them in accordance therewith, there being no provision in the charter or law for

the payment of damages, an action will not lie. In such case the damages resulting to an adjoining proprietor belong to that numerous class of injuries to which the citizen is necessarily subjected for the public good, and fall within the operation of the rule *damnum absque injuria.*

The judgment of the district court must be reversed, and a new trial awarded.

REVERSED AND REMANDED.