CORDELIA W. HARMON, PLAINTIFF IN ERROR, v. CITY OF OMAHA, DEFENDANT IN ERROR.

**Municipal Corporation:** DAMAGES BY FILLING IN STREET. A city is liable under the constitution of this state to a lot owner for such damages as he may sustain by filling in the street in front of his lot above the level of the same, when the buildings were erected on the lot before the grade was established.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*G. W. Ambrose,* for plaintiff in error.

*W. J. Connell,* for defendant in error.

MAXWELL, J.

The plaintiff alleges in her petition that she is the owner of the south 107 feet of lot 5 in block 248, in the city of Omaha, which is situate on the north side of Pierce street and between Eighth and Ninth streets, in said city; that she has "two dwelling-houses of five rooms each, and other usual and ordinary improvements, outhouses and the like," on said lot, all of the value of $1,200; that said houses were erected before the grade of Pierce street was established; that in the year 1878 the defendant established the grade of Pierce street, and in 1883 sought to work said street to the grade, and in doing so "filled in the earth in front of said houses and lot five feet, and compelled the plaintiff to erect a plank barricade in front of said premises in order to keep the earth away from said houses, at a cost of $100;" that in order to render said residences habitable the plaintiff will be compelled to fill said lot to the level of the street, and has sustained other damages thereby, in all to the amount of $1,600; that at no time either before or subsequent to said grading has she been allowed or tendered any compensation for said injury, etc. A demurrer to the petition was sustained in the court below and the action dismissed.

The question presented is the right of a lot owner, who has erected buildings thereon before the grade was established, to recover damages for injury sustained by him by raising the street, to his injury, in front of his property. At common law an injury of this kind is not actionable, and such was the rule in this state prior to the adoption of the constitution of 1875. *Nebraska City v. Lampkin*, 6 Neb., 27. Section 21 of the bill of rights of the constitution of 1875 is as follows: "The private property of no person shall be taken or *damaged* for public use without just compensation therefor." The above section, without the words "or damaged," was in our former constitution (Sec. 13, Art.

I., Constitution of 1866). The words "or damaged," there-, fore, were without doubt added to the section for the purpose of extending a remedy to the owner of the property in all cases where his property has been damaged by the work done. Nor is the right to recover restricted to such injuries as were designated torts at common law. The question is not whether the work was skillfully and carefully performed or not, because if the property of the party has been damaged by the work, however carefully and skillfully performed, he is entitled to compensation for such damages. In other words, the right to recover does not depend upon the skill or care, or the want of it, with which the work was performed, but whether when the work, if carefully and skillfully done, has injuriously affected or damaged the plaintiff's property. If so he is entitled to recover. If the work is unskillfully or carelessly performed, so that additional damages result from that cause, it is probable that a recovery can be had therefor, but that question is not before the court.

In *Reardon v. City of San Francisco,* 6 Pac. R., 325–326, the supreme court of California say: "We cannot say that the convention inserting in the constitution of this state the word "damaged," in the connection in which it is found, and the people in ratifying the work of the convention, intended to limit the effect of this word to cases where the party injured already had a remedy to recover compensation. They engaged in no such empty and vain work. It was intended to give a remedy as well where one existed before as where it did not, to superadd to the guaranty found in the former constitution of this state and nearly all other states, a guaranty against damage where none previously existed." These remarks are applicable in this state. Our former constitution required compensation to be made for property taken. If, however, no portion of the property of the party injured was taken, and the work was skillfully and carefully done, the owner was

without remedy. In grading a public way a fill might be made five or fifty feet in height in front of his residence, thereby greatly depreciating it in value, and he was without means of redress. So in regard to other injuries which need not be here referred to. To afford relief in such cases the amendment above referred to was made to our present constitution. And the constitution was adopted by the people of the state with this express guaranty to every property owner in the state—that just compensation should be made for his property if taken or damaged for public use. The provision is self-operating and requires no legislation to carry it into effect. It is the law of this state, and should be so construed as to give effect to it.

"In construing remedial statutes there are three points to be considered, viz.: The old law, the mischief, and the remedy. That is, how the common law stood at the making of the act, what the mischief was for which the common law did not provide, and what remedy the parliament hath provided to cure this mischief, and it is the business of judges so to construe the act as to suppress the mischief and advance the remedy." 1 Blackstone's Com., 87.

Applying these principles to the provisions under consideration, it is clear that it was intended to supply a defect in the common law, and requires the public—the party benefited—when taking or damaging property for public use, to bear the burden by making just compensation therefor. And this rule applies whether the injury is committed by a railroad company or municipal corporation.

The constitution makes no distinction as to the form of the public use for which compensation is to be made; and the court has no authority to inject words into that instrument exempting municipal corporations. There are many reasons why they should not be excepted. In this state, at least, the damage to property in cities from cuts and fills in grading streets probably affects a greater number of persons and property of greater value than is caused

by all the railroads of the state outside of the cities and villages, for the reason that a railroad does not necessarily pass near residences nor cause damage to farms by cuts and fills, while in a street, like that upon which the plaintiff's buildings are situated, the grading necessarily occasions more or less damage to a large number of the lot owners. The attorney for the city estimated the claims for such damages, in that city at $150,000; but whatever the sum, it is evidently more just and equitable to apportion it on the property of the 60,000 or more people of the city, than upon the 50 or 500, as the case may be, lot owners who have sustained the damage.  *Reardon v. San Francisco*, 6 Pac. Rep., 317.  *Rigney v. Chicago*, 102 Ill., 64.  *Johnson v. Parkersburg*, 16 West Virginia, 402,  *Atlanta v. Green*, 67 Ga., 386.  *Worth v. Springfield*, 78 Mo., 107.  *McElroy v. Kansas City*, 21 Fed. Rep., 257.  *Gottschalk v. C. B. & Q. R'y Co.*, 14 Neb., 550.  An elaborate opinion of the able judge before whom the case was tried is printed in the brief of the city attorney.  It contains a full review of the common law cases; and without a provision such as is contained in our constitution undoubtedly states the law correctly.  That provision, however, has provided a new remedy to the owners of property damaged, which he has not discussed as fully as could be desired.  Upon the whole case, we are of the opinion that the petition states a cause of action, and that the court erred in sustaining a demurrer to it.  The question of the measure of damages does not arise in the case, and will not be discussed.  The judgment of the court below is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.