THE OMAHA BELT RAILWAY COMPANY, PLAINTIFF IN ERROR, v. WINNIE McDERMOTT, DEFENDANT IN ERROR.

1. **Trial:** EVIDENCE. Error cannot be successfully assigned upon the admission of evidence by a trial court, which was admitted by the consent of the complaining party, no objection having been made thereto.

2. **Eminent Domain:** RAILROADS: DAMAGES. The rule for estimating damages to real estate resulting from the construction of a railroad contiguous or adjacent thereto, is the difference in the value of the real estate before and after the construction of the railroad, uninfluenced by the increase or depreciation of property values generally in the neighborhood.

3. **Instructions** asked by plaintiff in error and refused by the court, examined, *And Held*, To have been properly refused.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*George E. Pritchett*, for plaintiff in error, cited: *B. & M. R. R. Co. v. Bebee*, 14 Neb., 463. *Yost v. Conroy*, 92 Ind., 464. *City of Denver v. Bayer*, 7 Col., 113. *C. & P. R. R. Co. v. Francis*, 70 Ill., 238. *Eberhart v. C., M. & St. P. Ry.*, Id., 347. *Gottschalk v. C., B. & Q. R. R.*, 14 Neb., 551.

*J. J. O'Connor* and *C. A. Baldwin,* for defendant in error, cited: *Schaller v. Omaha,* 23 Neb., 325.

REESE, CH. J.

This action was commenced in the district court of Douglas county, and was for damages resulting to real estate from the construction of the Omaha Belt Railway along the streets adjacent to and abutting upon the property alleged to have been damaged.

The real estate described in the petition as belonging to defendant. in error is lots one and two in block two hundred and a half in the city of Omaha, being one hundred and thirty-two feet front on 15th street, and one hundred and thirty-two feet on Izard street.

A trial to a jury resulted in a verdict in favor of defendant in error for the sum of $3,000, upon which judgment was rendered. To reverse this judgment this proceeding in error has been instituted.

The 'first contention on the part of plaintiff in error in its brief is, that the verdict is against the evidence and not supported thereby.

It appears from the record that the jury were taken, under the direction of the court, by one of its officers, to the ground, and an examination of the property was made by them prior to the introduction of any testimony. This fact, together with the further consideration that quite an array of witnesses were called on the part of defendant in error, who testified to the depreciation of the value of the property by reason of the construction of plaintiff's road, renders it practically beyond the power of this court to interfere upon the ground alleged. So far as the extent of the damage or depreciation of defendant's property was concerned, there was a direct conflict between the witnesses. It may be said that the witnesses called for plaintiff in error were those who, from experience and knowledge in

the matter of real estate and real estate values, necessarily were entitled to belief, while those presented by defendant in error were, many of them, citizens in her immediate neighborhood, and not as fully prepared to testify and give intelligent opinions as to value as those called by plaintiff in error. Yet the jury were the sole judges of the weight of the evidence. The witnesses were all competent to testify. The jury, after having seen the property, would no doubt be as competent to judge of their credibility as to the particular matters in controversy as this court would be, even though it were within its province to retry questions of fact, which it is not.

It is next contended that the case was tried upon an erroneous theory, in permitting the opinions of witnesses as to the amount of damages. This is to some extent true, as we find from an examination of the testimony that witnesses were permitted to testify as to the percentage of depreciation of the value of the property; but for this the court was, perhaps, not to blame. And it is for the correction of the errors of the trial court alone that this court sits in the capacity of a court of errors. No objection was made upon the part of the plaintiff in error to the method adopted by defendant in error in ascertaining the damages to the property in question. For aught that appears from the record, and indeed we may say as affirmatively shown thereby, plaintiff in error was entirely satisfied with the method adopted by defendant in error, and it cannot now complain.

As has been held in similar cases, the estimate of damages must be made by the jury, while opinions as to value may be given by witnesses, and, therefore, the plaintiff should call witnesses to prove the value of the property before and after the construction of the road, excluding general appreciation or depreciation in values, and the jury can then make the proper computation. But as this question was not presented to the trial court, it cannot be reviewed here.

It is next insisted that the court erred in not permitting the plaintiff in error to prove what was the market value of the property after the construction of the road.

It appears that the road was constructed during the latter part of the year 1885. The trial was had on the 20th day of June, 1887. The questions propounded to the witnesses by plaintiff in error were as to the value of the property at the time of the trial. Upon objection being made, the proposed testimony was excluded. We quote the following from the bill of exceptions:

Q. State if you know what is the present market value of these two lots?

Objected to as incompetent, irrelevant, and immaterial. Objection sustained. Defendant excepts.

Q. State whether or not, at the present time, this property, by reason of the railroad tracks situated as they are, is of greater value in the market than property similarly situated in the city without railroad tracks located as they are?

Objected to, etc. Objection sustained.

It will be observed that this proposed testimony does not come within the well established and clearly defined rule that evidence of this character must be directed to the value of the property immediately before and immediately after the construction of the road. *Blakeley v. C., K. & N. R. R. Co., ante* p. 207, and cases there cited.

In this ruling of the district court there was no error.

The next assignment is, that the court erred in refusing instructions requested by plaintiff in error. The first of these is as follows: "You are instructed that the owner cannot recover for every possible injury which is necessarily incident to the ownership of property in towns or cities which directly impair the value of private property. For instance, the building of a jail, police station, or the like, will generally cause direct depreciation in the value to the neighboring property, yet that is clearly a case of *damnum.*

*absque injuria.* So as to the obstruction in a public street, if it does not practically affect the use or enjoyment of neighboring property, and thereby impair its value, no action will lie. In all cases, to warrant a recovery, it must appear that there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained special damage with respect to his property, in excess of that sustained by the public generally."

This language is quoted from the opinion in *Gottschalk v. C., B. & Q. R. R. Co.*, 14 Nebraska, 550, and which is there quoted from *Rigney v. The City of Chicago*, 102 Illinois, 64.

While it appears that the reasoning in *Rigney v. Chicago* was adopted by this court in *Gottschalk v. R. R. Co.*, and for the purposes of this examination it may be assumed that the instructions clearly state the law, though with more elaboration than necessary for the purpose of an instruction, yet we think that all the essential elements contained in it were presented to the jury in the instructions given by the court upon its own motion. These instructions are too lengthy to be here copied, but by them the jury are informed that plaintiff was entitled to recover any damages she may have sustained by reason of the location and maintenance of the road (if such damage has been sustained), over and above special benefits conferred upon the property by such location. The special benefits referred to were well defined in the instructions, and the jury were informed, in substance, that defendant in error could not recover unless there was a direct injury to the property resulting from the construction of the railroad.

The next instruction refused, of which complaint is made, is as follows:

"The benefits which you have a right to inquire into or

allow are such benefits only as the property directly received, or will receive, from the construction and use of the road, over and above any general benefits or enhancement of value to property generally in that vicinity, due to the projecting, commencing, or prospective completion of the railway enterprise. But if you find that, by reason of the property fronting on the railroad, and the nature and condition of that district and portion of the city, and the needs of business or demands for property there for business enterprises, the plaintiff's property became valuable, or will be valuable and in demand for business uses and purposes, and thereby acquire an additional value, this is such a special benefit as you have a right to, or should, consider in determining the question of damages."

In disposing of this instruction it must be sufficient to say that it has embodied within it a proposition which the jury had no right to consider, and that is as to the future probabilities or possibilities of the property becoming "valuable and in demand for business uses or purposes, and thereby acquire an additional value."

It seems to have been the contention of plaintiff in error, substantially, that the location of the property, with reference to the railroad track, was such that it would at some time subsequent to the construction of the road, and subsequent to the time of the trial, become valuable for warehouse or wholesale locations. There was no such certainty attached to these future prospects at the time of the construction of the road as would remove the question of values from the domain of mere conjecture, and therefore it was not proper to be considered by the jury; the correct rule being, as we have said, the difference in values at the time of the construction of the road and immediately thereafter.

The same criticism can be made upon the next instruction asked and refused, and of which complaint is made. It is as follows:

" In considering the market value of the property, and how this was affected by the construction of the road, you should take into account any and all uses to which the property was or will be adapted. You will give due weight to the opinion of witnesses touching the effect of the road upon the market value, testing their theories and bases of value by the whole evidence in the case, aided by your own judgment in weighing and testing it, and your observation of the property in the view made by you during the trial."

The last instruction asked and refused was as follows:

"And you are instructed that witnesses who are disinterested are entitled to more weight than those who for any reason are shown to have an interest in the determination of the case. A witness who has a lawsuit of a similar character to this, against the same defendant, is not entitled to the same consideration, and his opinion is not entitled to have the same weight as that of a witness who is disinterested, and who has equally as good knowledge of what he testifies to."

This instruction was bad, for the reason that it assumes to direct the jury in the consideration of the testimony of witnesses, and in the weight to which they are entitled, by reason of their supposed interest in the result of the trial.

It is, no doubt, true that the interest of a witness in the result of a suit is a proper thing for the jury to consider in weighing his testimony, but we know of no rule of law which goes to the extent of supporting a direction to a jury that a witness who has another lawsuit against the same defendant " is not entitled to have the same weight as that of a witness who is disinterested, and who has equally as good knowledge of what he testifies to." It may, and perhaps does, often occur that a witness, even though interested, may tell the truth and be unbiased in his judgment. If so, and the jury are convinced of these facts, they can believe him; and it is not for the court to say they shall not, even if contradicted by another witness who is disin-

terested, and has equal knowledge of the facts. This instruction was correctly refused.

Finding no prejudicial error in the case, the judgment of the district court must be affirmed, which is done.

JUDGMENT AFFIRMED..

THE other judges concur.