WILLIAM H. HAMMOND V. CITY OF HARVARD.

[FILED MARCH 31, 1891.]

Cities: STREETS: CHANGE OF GRADE: DAMAGES.  A city is liable
under the constitution of this state to a lot owner for such
damages as he may sustain by filling in the street in front of
his lot above the level of the same, when the buildings were
erected on the lot before any grade was established. (*Harmon v.
City of Omaha*, 17 Neb., 548.)

ERROR to the district court for Clay county.   Tried be-
low before MORRIS, J.

*L. P. Crouch*, for plaintiff in error, cited: *Reardon v.
San Francisco*, 6 Pac. Rep., 325-6; *City of Denver v.
Bayer*, 2 Id., 9; *Mollandin v. R. Co.*, 14 Fed. Rep., 394;
*Rigney v. Chicago*, 102 Ill., 64; *Gottschalk v. R. Co.*, 14
Neb., 550; *Harman v. Omaha*, 23 N. W. Rep., 503;
*R. V. R. Co. v. Fellers*, 20 Id., 217; *B. & M. R. R.
Co. v. Reinhackle*, 18 Id., 69; *Schaller v. Omaha*, 36 Id.,
533; *Wagner v. Gage Co.*, 3 Neb., 242; *F., E. & M. V. R.
Co. v. Whalen*, 11 Id., 591; "Damage," Webster's Dic.;
2 Black Com., ch. 29, p. 438; Coke Litt., 257a; 2 Green.
Ev. [12th Ed.], 253; *Transp. Co. v. Chicago*, 99 U. S.,
635; *Dexter v. Spear*, 4 Mason [U. S.], 115; *Rockwood v.
Allen*, 7 Mass., 254; *Bussy v. Donaldson*, 4 Dal. [U. S.],
206; *Grand Rapids & Ind. R. Co. v. Heisel*, 11 N. W.
Rep., 215; *Meacham v. R. Co.*, 4 Cush. [Mass.], 291;
*Upton v. R. Co.*, 8 Id., 600; *Allen v. Charleston*, 109
Mass., 243; *Whitcher v. Banton*, 50 N. H., 26; *Donovan
v. Springfield*, 125 Mass., 371.

*Leslie G. Hurd*, contra, cited: *City of Denver v. Bayer*,
2 Pac. Rep., 6; *F., E. & M. V. R. Co. v. Meeker*, 44 N.
W. Rep., 79; *Gottschalk v. R. Co.*, 14 Neb., 558; *Schaller
v. Omaha*, 23 Id., 325; *Rigney v. Chicago*, 102 Ill., 80.

COBB, CH. J.

The plaintiff alleges in his petition:

"1. The incorporation of the defendant; plaintiff's ownership and possession of lot No. 355 in defendant city; the erection thereon by him, in 1879, of a brick structure eighty feet long by twenty-two wide; the arrangement of the interior thereof at great expense for the special business of a retail dry goods and clothing house; its exclusive use for that purpose for a number of years consecutively, prior and up to the date of this action; and a monthly rental of the same for that time, of $30.

"2. The establishment of a grade on Clay avenue in the defendant. city; the abutting thereon of said premises; that the grade line is sixteen inches above the door-step of the entrance and floor of the building; the replacement by defendant on or about the 14th day of March, 1888, of the old walk in front of the building with a new one fourteen inches above the door-step of the entrance and the floor of the building; the consequent step of fourteen inches from the walk in front down into the building.

"3. That he is damaged by a lessened value of the property; the depreciated rental value of the same; from excessive dampness to the building from the wash of the street; and the loss of the investment in the interior arrangement of the building for a dry goods and clothing business.

"4. That at the time said building was erected, there was no established grade on said street.

"5. That prior to the date of this action he presented to the council of the defendant city his claim for damages as aforesaid for the sum of $1,600, which was utterly rejected by them and payment refused.

"6. The plaintiff is damaged by the act of the defendant corporation in the sum of $1,600."

The defendant admits its incorporation; the establishment of the grade; the ownership and possession of the premises by plaintiff; the improvement of the street by defendant; but denies the damage; alleges a faulty construction of the building; the necessity of the grade for drainage purposes, and increased facilities of public travel; and is a benefit to the property, and not a damage.

There was a trial to a jury with a verdict, " on the issues joined herein, for the defendant." The plaintiff's motion for a new trial being overruled, the case is brought to this court on the following errors :

I. The court erred in sustaining defendant's objections to the question, "the way it has been for years."

II. In sustaining defendant's objection to the question, " What has the building been used for? "

III. In sustaining defendant's objection to the question, "State whether the party to whom you rented it for $35 took it, or not."

IV. In overruling plaintiff's objection to the question, " Have you owned this property ever since it was constructed? "

V. In sustaining defendant's objection to the question, " What rent did you pay for that building? "

VI. In sustaining defendant's objection to the question, " How came you to leave that building? "

VII. In sustaining defendant's objection to the question, " What was the value of the Hammond property, the fair market value, immediately prior to the establishment of that grade? "

VIII. In sustaining defendant's objection to the question, " You stated on cross-examination that the property was unsalable; why was it unsalable? "

IX. In overruling the plaintiff's objection to the question, " What difference is noticeable by the improvement made according to the grade? "

X. In overruling the plaintiff's objection to the ques-

tion, "Is not the grade as established of the street and walk necessary to make a good wagon way through the street as now constructed?"

XI. In overruling the plaintiff's objection to the question, "If the building was built twelve and one-fourth inches higher upon its foundation, in the first place, it would have been benefited, would it not, by the grade?"

XII. In overruling the plaintiff's objection to the question, "Was there any benefits accruing to this building, in company with the other lots upon this street, near it, resulting from the establishment of the grade?"

XIII. In sustaining defendant's objection to the question, "State what is the condition of the building that you occupy with reference to the improved condition of the street as established by the grade December 7, 1887."

XIV. In sustaining defendant's objection to the question, "What effect does that have upon the room as a business room?"

XV. In sustaining defendant's objection to the question, "How much does it lack?"

XVI. In sustaining defendant's objection to the question, "What further, if any?"

XVII. In overruling plaintiff's objection to the question, "If the building was constructed so that the floor was even with the grade of the sidewalk as placed under the improvement, would the grade as established be a benefit or an injury to it?"

XVIII. In sustaining defendant's objection to the question, "State whether the improved condition of that street in front of the Hammond building in consequence of the establishment of the grade is a damage to the building that the owner sustains over and above that sustained by other abutting owners."

XIX. In overruling the plaintiff's objection to the question, "Suppose the building was twelve and one-fourth inches higher, top, bottom, and all—the building as it now

is, was raised, would the improvement made under the grade be a benefit or an injury?"

XX. In sustaining defendant's objection to the question, "Would you consider it a benefit, or a damage to this building that the rent should be lessened in consequence of the improvement of the street?"

XXI. In overruling the plaintiff's objection to the question, "Do you know the height of the old building above the level of the ground or prairie?"

XXII. In overruling the plaintiff's objection to the question, "Is the grade as established unreasonable, or an extravagant grade for the level of the street as it stands?"

XXIII. In overruling the plaintiff's objection to the question, "Is the grade of the road, or of the walk conforming thereto, anything more than was necessary to secure drainage and dry roadway, in your judgment?"

XXIV. In sustaining defendant's objection to the question, "Suppose Mr. Hammond could not occupy the bank wall any greater height than he at present occupies it, how then?"

XXV. In sustaining defendant's objection to the question, "State whether in your opinion it adds to or detracts from the building as a business house."

XXVI. In sustaining defendant's objection to the question, "About what per cent of loss have you sustained in that room in consequence of excessive dampness?"

XXVII. In sustaining defendant's objection to the question, "What has been the amount of your loss?"

XXVIII. In refusing to give paragraphs Nos. 1, 2, 3, 4, 5, 6, and 8 of the instructions asked by plaintiff.

XXIX. In giving paragraphs Nos. 4, 5, 6, and 7 of instructions of the court's own motion.

XXX. In overruling the plaintiff's motion for a new trial.

XXXI. That the verdict is not sustained by sufficient evidence.

XXXII. That it is contrary to law and the evidence, and the verdict should have been for the plaintiff.

The facts upon which the first error is based are that the plaintiff, being on the stand as a witness in his own behalf, was questioned as to the size, the material, and the manner of construction of the building upon the lot claimed to have been damaged by the established grade of the street in the town of Harvard. After describing the building his counsel put the

Q. How was that building arranged as to the inside? State about that.

A. When it was first built or now?

Q. The way it has been for years.

The defendant objects to the question for the reason that it is immaterial, incompetent, and has no tendency to establish the measure of damages to which the plaintiff is entitled, if any. It is not apparent what relevancy or materiality the evidence sought by the question would have upon the issues in the case, yet had the plaintiff made an offer of the proof thus excluded it would have enabled the court below, and would have enabled this court, to judge of its relevancy; but no offer was made, and it has been held so repeatedly as to have formed a decisive rule that a cause would not be reversed on the exclusion of testimony without an offer having first been made of the evidence, clearly indicating what was to be proved. This assignment of error must therefore be overruled. The same objection exists as to the second, third, fifth, sixth, eighth, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, twentieth, twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh errors.

The fourth assignment arises upon the overruling of the plaintiff's objection to the defendant's question to the plaintiff, "Have you owned this property ever since it was constructed?" While the relevancy of this question is not apparent, I am also unable to see that the plaintiff

Hammond v. City of Harvard.

could have been prejudiced by answering it. The motion is not argued by counsel, nor the error of the admission of the testimony pointed out, and is therefore overruled.

The seventh assignment arises upon the sustaining by the court of the defendant's objection to the question, What was the value of the Hammond property, the fair, market value, immediately prior to the establishment of that grade? propounded to the witness B. S. Harrington. The witness, in answer to questions by counsel for the plaintiff, testified that he had resided in the town of Harvard for about six years; was engaged in land and loan and general real estate business, and had been so employed for about six years; that he had a very fair idea of the value of real estate in Harvard, and was acquainted with the property of the plaintiff in dispute ever since he had resided in the town; that he knew about the time that the grade of the street was established. The question was then put: What was the fair market value of the Hammond property immediately prior to the establishment of the grade? the defendant objecting to the question for the reason that the witness is not shown to be competent to testify as to the value of the property, which objection was sustained by the court. The sustaining of this objection was clearly erroneous. The witness had shown, by his own testimony, that he was competent to testify as to the value of real property at that time, but it should be added that the question being again put in nearly the same terms, and not different within the meaning of the objection, and the same objection being again offered upon the same grounds, was overruled and the witness testified as to the value of the property.

The ninth error arises upon the overruling by the court of the plaintiff's objection to the question propounded to the witness Oakley Johnson upon his cross-examination. This witness had testified, in chief, that he was a resident of Harvard for several years past, and that he had been for

that time and now was acquainted with the Hammond property, and its value, before the establishment of a street grade, December 7, 1887 ; thinks that the property would have then sold for twenty or twenty-five hundred dollars; thinks that the change of grade made a difference of from twenty-five to thirty-three per cent in the value, judging from the value of the rental, or, if the property was to be replaced, in its original condition, the cost of placing it there.

On cross-examination the witness stated that he had noticed the property as he had passed it, and had been in the building a number of times since; that he had to go down steps to get into the store; the change is mostly in the front appearance, which is perhaps.sixteen inches higher than it was before the level of the grade of the street had been changed and filled in, all through there, until the walk, the witness thought, was sixteen inches higher than it was before, though he made no measurement except with the eye. The witness was asked: Q. What difference is noticeable by the improvement made according to the grade? The plaintiff objected to the question for the reason that it is incompetent, immaterial, and irrelevant, which objection was overruled by the court, and the witness answered: To a person approaching the building it would show that the house apparently is low; the first story of the building looks like a shorter house; after you get into the store the height of the room is the same, but from the outside the building presents no favorable appearance.

While this question is apparently obscure, yet, in the light of its answer by the witness, it cannot be held that the ruling thereon was prejudicial to the plaintiff.

The tenth assignment arises upon the overruling of the plaintiff's objection to the question put to the same witness by defendant's counsel on cross-examination, the witness having testified generally on his examination in chief as to the value of the property and its depreciation by reason of the

·change of grade : Q. Is not the grade, as established, of the street and walk, necessary to make a good wagon way through the street as now constructed?

The objection to this question, and to its admission to the jury, must have been that if the change of grade upon the street was a reasonable one and necessary to construct a required wagon way, that the plaintiff could not recover in his action, though his property might have been seriously damaged by the necessary change of grade. This is not the law. · The question whether or not the change of grade was necessary in the prudent management of the ·city's affairs does not enter into the plaintiff's action on the pleadings of this case. It was error, therefore, to have ·overruled the objections of the plaintiff to the question propounded to the witness.

The eleventh assignment arises upon the overruling of the plaintiff's objection to the question put to the witness: Q. If the building was built twelve and a fourth inches higher upon its foundation in the first place it would have been benefited, would it not, by the grade? This witness testified upon direct and upon cross-examination· as to the general effect and damage of the grade of the street upon the plaintiff's property, and upon his being asked, by counsel for the plaintiff, what special advantage there was to the building in consequence of it, answered that he could not say that there was any benefit; it looked to him as if it was a detriment. The defendant's counsel proceeded to re-cross-examine the witness by putting the above question, wholly hypothetical, referring to a condition not existing, and the plaintiff's objection should undoubtedly have been sustained by the court. It cannot be denied that it was detrimental and injurious to the cause of the plaintiff, and tended to confuse the jury, and to that extent was injurious.

The seventeenth assignment is based upon the overruling of the objection of the plaintiff to the question by defendant's counsel to the witness P. P. Scott, on his cross-ex-

amination : Q. If the building was constructed so that the floor was even with the grade of the sidewalk as placed under the improvement, would the grade as established be a benefit or an injury to it? The witness having testified in chief and upon cross-examination that he was a contractor and builder of forty years' experience, was acquainted with the Hammond building; knows of the fact of the condition of the sidewalk in consequence of the change of grade above the door step, but don't know as it would materially affect the property one way or the other; it would bring the sidewalk up to the floor as usual and as it ought to be. This question was properly objected to, as it was not put to elicit any fact to properly go before the jury.

It will be admitted that it was not possible for the plaintiff to know, beforehand, what grade would be established, and to say that had he guessed at the future grade of the street and constructed his building accordingly that he would have suffered no damage, is to state no rule of law, nor to prove any fact tending to prove the plaintiff's case or to establish the defense. It was therefore eroneously allowed to be given and answered.

The twenty-first assignment of error is upon the overruling of the plaintiff's objection to the admission of the question by defendant's counsel to the witness E. E. Brown: Q. Do you know the height of the old building above the level of the prairie or ground? The plaintiff had already proved the facts called out by the question. Whether it was the intention to contradict the witness does not appear. In either event the plaintiff's objection to this examination of the witness is not apparent.

The court below, on the trial of this cause, seems to have failed to have fully instructed the jury as to the plaintiff's right of recovery. It was formerly held, in accordance with some part of the instructions given in the case, that, " When a city, in the reasonable exercise of an authority, under its charter, establishes a grade for its streets, and

works them accordingly, there being no provision of law for the payment of damages, no action will lie." This was the law in 1873, and was so held in the case of *Nebraska City v. Lampkin*, 6 Neb., 27. But the constitution of 1875, now in force, provided a different rule. The text of section 21 of the bill of rights now is, that "the private property of no person shall be taken or damaged for public use without just compensation therefor."

In the case of *Harmon v. The City of Omaha*, 17 Neb., 548, this distinction between the original and the present rule of law was clearly drawn. The court there held that "A city is liable, under the constitution of this state, to a lot owner for such damages as he may sustain by filling in the street in front of his lot above the level of the same when the buildings were erected on the lot before the grade was established." This rule was not distinctly given in charge to the jury, as appears from the record in this case.

There was evidence upon the trial that the plaintiff's property had suffered, and was depreciated by the establishment of the city's grade. It appears, further, that evidence of the plaintiff, in support of this fact, was overruled at the trial. A new trial ought, therefore, to be granted; and the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.