47   133
52    42
55   565

CITY OF HARVARD v. L. P. CROUCH, ADMINISTRATOR.

FILED FEBRUARY 18, 1896.   No. 6081.

1. **Review:** WEIGHT OF EVIDENCE.    A judgment will not be reversed on account of a mere difference of opinion between this court and the trial judge or jury regarding the weight of the evidence.

2. **Municipal Corporations:** CHANGE IN GRADE OF STREETS: DAMAGES.    Under the constitution of this state providing that private property shall not be taken or damaged for public use without compensation, a city is liable for damage resulting from a material change of the grade of its streets from the natural surface.    (*Harmon v. City of Omaha*, 17 Neb., 548.)

3. ——: ——: ——.    The measure of damage in such cases is the depreciation in the value of the property, occasioned by the change of grade.    (*Omaha Belt R. Co. v. McDermott*, 25 Neb., 714.)

4. **Witnesses:** CREDIBILITY: INSTRUCTIONS: REVIEW.    It is not error to advise the jury that in determining the credit which should be given to the defendant's witnesses their interest in the result of the suit may be taken into consideration.    (*Barmby v. Wolfe*, 44 Neb., 77.)

ERROR from the district court of Clay county. Tried below before MORRIS, J.

*Leslie G. Hurd,* for plaintiff in error.

*L. P. Crouch, contra.*

POST, C. J.

A former opinion in this cause is reported under the title of *Hammond v. City of Harvard,* 31 Neb., 635. The plaintiff below, Hammond, having died in the meantime, the cause was prosecuted to judgment in the name of L. P. Crouch as administrator. The facts essential to an understanding of the controversy are set out at length in the opinion referred to, and need not be here repeated. It is sufficient for our present purpose that the cause of action alleged is (1) the grading of Clay avenue, in the city of Harvard, so as to collect and discharge the surface water upon the lot of the deceased adjacent thereto, and against a certain brick building situated upon said lot; (2) the raising of the sidewalk in front of the plaintiff's said building from fourteen to sixteen inches above the level of the floor, and exposing it to invasion of the floods at certain seasons of the year.

We have carefully read the evidence in the record and are unable to say that the amount of the verdict, $310, is excessive. Were the question an open one for a finding in accordance with what, to us, appears the weight of the evidence, we would feel constrained to assess the plaintiff's damage at a sum considerably less than that awarded by the jury; but, as has frequently been said, a judgment will not be reversed on account of a mere difference of opinion between this court and the

trial judge or jury regarding the weight of the
evidence.

Exception was taken during the trial in various
forms on the ground that the facts alleged and
proved do not constitute a cause of action against
the city.   Such objections appear to rest upon the
proposition that the deceased, Hammond, in the
construction of the building in question, evidently
anticipated the action of the city in the improve-
ment of the street upon which it abuts, and must
be held to have contemplated the inconvenience
which is naturally incident to such improvement,
or, as said in *Callender v. Marsh*, 1 Pick. [Mass.],
418: "Those who purchase house lots bordering
upon streets are supposed to calculate the chance
of such elevations and reductions as the increas-
ing population of the city may require.   *   *   *
and as their purchase is always voluntary, they
may indemnify themselves in the price of the lot
which they buy, or take the chance of future im-
provements, as they shall see fit." Such is un-
doubtedly the rule of the common law (2 Dillon,
Municipal Corporations, secs. 990, 995a); but under
our constitution, which prohibits the taking or
damaging of private property for public use with-
out compensation, that rule can have no applica-
tion.   (*Harmon v. City of Omaha*, 17 Neb., 548;
*Hammond v. City of Harvard*, 31 Neb., 635; *City of
Plattsmouth v. Boeck*, 32 Neb., 298.)   And the views
expressed in the cases cited are in harmony with
the decisions of other courts under like constitu-
tional provisions. (*City Council of Montgomery v.
Townsend*, 80 Ala., 491; *Hot Springs R. Co. v.
Williamson*, 45 Ark., 436; *City of Atlanta v. Green*,
67 Ga., 386; *City of Fort Worth v. Howard*, 22 S. W.
Rep. [Tex.], 1059; *Davis v. Missouri P. R. Co.*, 24
S. W. Rep. [Mo.], 777.)

Among other instructions asked by the defendant below, and refused, is one to the effect that the purchaser of property abutting upon a street is presumed to have consented to such changes in the surface of the street as are obviously necessary in order to subserve public rights and interests. But we will not at this time determine the question of the soundness of the instruction asked, or whether it may be harmonized with the rule above stated, since we agree with the district court that it was altogether unwarranted by the evidence.

Exception was also taken to the refusal of the court to charge that "it is the plaintiff's duty to protect his property from injury or damage by any reasonable means in his power, and any loss or damage suffered by him which he might by reasonable means have prevented is not chargeable to the city." This instruction was rightly refused. The measure of damage is the depreciation in the value of the property occasioned by the grading of the street. (*Omaha Belt R. Co. v. McDermott*, 25 Neb., 714.) Evidence was received by the trial court tending to prove that it was possible, at a trifling cost, to protect the property in question against the water discharged upon it as the result of the improvement of the street. Such evidence was admissible as bearing directly upon the present value of the property, but the ultimate inquiry is as already suggested, how much, if at all, has the property depreciated in value in consequence of the improvement complained of?

Exception was taken to the giving of the following instruction: "In passing upon the testimony of the witnesses for the defendant, you have a

City of Harvard v. Crouch.

right to take into consideration any interest which such witnesses may feel in the result of the suit, if any is proved or appears, growing out of their relationship or interest in the defendant or otherwise, and give to the testimony of such witnesses only such weight as you think it entitled to under all the circumstances proved on the trial." The witnesses for the defendant city were mostly, if not all, residents and taxpayers therein, and had to that extent a pecuniary interest in the result of the trial, from which it is argued that the effect of the instructions quoted was to discredit their testimony. Practically the same question was presented for consideration in *Barmby v. Wolfe*, 44 Neb., 77, and decided adversely to the contention of the plaintiff in error. It is there said, referring to *Housh v. State*, 43 Neb., 163, and *Carleton v. State*, 43 Neb., 373: "In the two latest cases doubts were expressed as to the policy of such instructions, but the question was no longer deemed an open one." The rule thus stated follows logically from the doctrine of the earlier opinions of this court and is decisive of the question here presented.

The remaining assignments of error present in different forms the questions already examined, and do not require further notice at this time. We discover no error in the record and the judgment will be

AFFIRMED.