## CITY OF OMAHA V. MATILDA WILLIAMS.

FILED JUNE 15, 1897. No. 7358.

Municipal Corporations: GRADE OF STREET: DAMAGES. A party who purchases a lot which abuts on a street, the grade of which has been established, must improve the lot conformably to the established grade and not with reference to the natural grade, and if he does the latter, cannot recover for damages to the improvements caused by the street being worked to the established grade,

ERROR from the district court of Douglas county. Tried below before BLAIR, J.  *Reversed.*

*W. J. Connell* and *E. J. Cornish,* for plaintiff in error.

*Winfield S. Strawn, contra.*

HARRISON, J.

The grade line of Decatur street in the city of Omaha, it appears from the record in this case, was established March 5, 1885.  On September 18 of the same year the defendant in error, by purchase, became the owner of a lot which fronted on said street, and within a few months thereafter had built houses and placed various other improvements on the lot.  During the latter part of the year 1892 the prescribed statutory steps were taken to have the actual work or grading of the street done, and as a result during the summer season of 1893 the street was graded, and from an assessment of the damages to her property defendant in error took an appeal to the district court, wherein she was awarded a judgment, of which the city seeks the reversal in these present error proceedings. The judgment rendered included damages to the improvements on the lot.

It is agreed by counsel that there shall be but one question considered in the examination of this case, viz.: In assessing the defendant in error's damages, was she entitled to recover for improvements or injuries to improvements constructed or placed on the lot after the grade was established, but prior to the time the actual work of grading was done?  It is settled that under the provisions of our constitution "The private property of no person shall be taken or damaged for public use without just compensation therefor;" that "A city is liable under the constitution of this state to a lot owner for such damages as he may sustain by filling in the street in front of his lot above the level of the same, when the buildings were erected on the lot before the grade was established."

(*Harmon v. Omaha,* 17 Neb., 548; *Hammond v. City of Harvard,* 31 Neb., 635; *City of Harvard v. Cronch,* 47 Neb., 133; and cases cited to same proposition.) In the Nebraska cases which we have just cited the question arose in regard to damages to property of which the improvements had been made prior to the time any grade had been established. In the present case the property was acquired by purchase and the improvements were made after the establishment of the grade, but prior to the time the actual work of grading was ordered by the city. The provisions of the city charter in force at the times of the occurrences out of which has sprung this action were as follows:

"The mayor and council of any city governed by this act shall have power, by ordinance, to establish the grade of any street, avenue, or alley in the city, and when the grade of any street, avenue, or alley shall have been heretofore established, or when the grade of any street, avenue, or alley shall be established and approved as herein provided, the grade of no street or part of a street shall be changed unless the consent in writing is first obtained of the owners of lots or lands abutting upon the street or part of street where such change of grade is to be made, who represent a majority of the feet front thereon, and not then until the damages to property owners which may be caused by such change of grade shall have been assessed and determined by three disinterested freeholders, who shall be appointed by the mayor and council for that purpose, who shall make such appraisement, taking into consideration the benefits, if any, to such property, and file their report with the city clerk; and the amount of damages so assessed shall be tendered to such property owners, or their agents, as soon as the funds for that purpose are obtained from the asssessments of such damages upon property benefited by reason of such change of grade, or otherwise realized; Provided, That no street, avenue, or alley shall be worked to such change of grade until the damages so assessed shall be tendered to such property owners or their agents.

"Before any street, avenue, or alley shall be ordered graded, the damages, if any, by reason of such grading to property along that portion of the street proposed to be graded, including approaches thereto, shall first be ascertained and determined by three disinterested freeholders, who shall be appointed by the mayor and council for that purpose, who shall make such appraisement, taking into consideration the benefits, if any, to such property, and who shall exclude any damages resulting from any change or changes of the original or first established grade; and the amount of damages so assessed, unless an appeal is taken, shall be due and payable to such property owners, or their agents, in sixty days after the completion and acceptance of such work of grading." (Compiled Statutes, 1895, ch. 12a, secs. 116, 117.)

These, it will be gathered by the reading, provided and provide for the establishment of grades of streets, changes of grades, assessments of damages in certain cases, etc. When a lot is purchased, as was this, which abuts upon a street the grade of which has been established and made of record, though the street has not been ordered worked or brought to the grade, it does not seem unjust or unfair, but right, all interests considered, that the purchaser should take notice of the established grade, and in afterwards placing improvements on the lot, to do so conformably to such grade. It becomes a fixed fact when the grade is established that when the street is ordered graded the property owner will be entitled to such damages to the premises, deducting special benefits, as may be occasioned by the grading; but this cannot be said to include damages for or to improvements made after the establishment of the grade, by one who bought the lot after the grade was fixed, and with knowledge of it. To hold that this last might be, would seem to be allowing the party to build or improve for prospective damages. The purchase is a voluntary one, and made with a knowledge, or at least notice, of existent conditions in regard to the property and its surroundings, including that of the

grade of the street, and the calculations can be made and the price paid be according to the conditions affecting the property and its value. In such a case it is not inequitable or unjust, and there is no hardship or inconvenience in requiring the party buying the premises to take notice of the fixed grade of adjoining streets. "One who buys property on a street after a grade has been established should improve with reference to the established grade, and not with reference to the natural grade; and where in such a case a purchaser improves with reference to the natural grade, and the city afterward cut down the street three feet to the established grade, it was held no recovery could be had." (Lewis, Eminent Domain, sec. 223, p. 299; *City of Denver v. Vernia*, 8 Colo., 399.) It follows that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.