## CLAUD CLARY V. STATE OF NEBRASKA.

### FILED APRIL 17, 1901. No. 11,840.

1. **Credibility and Interest of Witness for Jury.** The credibility of witnesses is alone for the jury, and the interest of any witness is proper to be considered in weighing his testimony.

2. **Instructions: CONSTRUCTION.** Instructions must be construed together.

3 ————: QUESTION OF PUNISHMENT. It is not error to tell the jury, in a prosecution for assault with intent to wound, that they have nothing to do with the question of punishment.

4. **Intent: INFERENCE.** The intent with which an act is done is inferable from the act itself, and from the facts and circumstances surrounding it.

ERROR from the district court for Nemaha county. Tried below before STULL, J. *Affirmed.* SULLIVAN, J., dissents.

*George W. Cornell,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

NORVAL, C. J.

Claud Clary was convicted of an assault with intent to wound one Charles Wright. The record is here for review without a bill of exceptions.

The instructions in the case are numerous and lengthy. Eleven were given on request of the state, twenty-three were submitted by defendant and four were given by the court on its own motion. It is not now suggested that any point in the case was not covered by the charge, but it is urged that certain paragraphs of the instructions are erroneous, among others, the following: "2. The credit of a witness depends largely upon two things, that is, first his ability to know what occurred and his disposition for telling the truth as to the occurrence. Statements by a witness having superior opportunities for knowing

what took place and superior intelligence and memory, and entirely uninterested in the event of the suit, other things being equal, is entitled to greater weight before the jury. One of the tests for determining the credibility of a witness, is his interest in the result of the suit. As a general rule a witness who is interested in the result of the suit will not be as honest, candid and fair in his testimony as one who is not so interested; but the degree of credit to be given to each and all of the witnesses is a question for the jury alone, and not for the court." Two criticisms are made upon this instruction; first, that it is argumentative, and second, it encroaches upon the province of the jury. Neither objection is well taken. Manifestly, it is not argumentative, and when taken as an entirety and in connection with the other portions of the charge, it is not vulnerable to the other attack made upon it, by counsel for the accused. It in effect told the jury, and properly so, that the credibility of the witnesses was for them alone to pass upon and in determining that question the interest of a witness is proper to be considered. By the instruction the court expressed no opinion upon any issue of fact in the case, and the court so stated to the jury in the following request tendered by the defendant. "1. The court instructs the jury that in the trial of this case and in the instructions given, the court has in nowise attempted to express its opinion as to the guilt or innocence of the defendant, and you must not construe any actions or rulings of the court in the trial of this case, or in the instructions given, as an intimation of the opinion of this court as to the guilt or innocence of the defendant." The rule is that instructions must be construed together, and when so construed, if they state the law applicable to facts and issues in the case, they will be upheld. But it is argued that the instruction assailed was prejudically erroneous because it affirmed the principle that the testimony of any intelligent, disinterested witness, other things being equal, is entitled to greater weight than that of one less intelli-

gent, and who is interested. Without the bill of exceptions we can not know that the accused was prejudiced, since his witnesses may have been entirely free from interest, and more intelligent than those who testified for the state. If this were so, it is obvious that the defendant was not prejudiced by the giving of the instruction. We have said that in the absence of a bill of exceptions instructions will be presumed free from error, unless they are erroneous under any possible case made by the proofs under the issues. *Home Fire Ins. Co. v. Weed*, 55 Nebr., 146. *Omaha B. R. Co. v. McDermott*, 25 Nebr., 714, 720, does not conflict with the views we have expressed. In that case the instruction criticised was in the following language: "And you are instructed that witnesses who are disinterested are entitled to more weight than those who for any reason are shown to have an interest in the determination of the case. A witness who has a lawsuit of a similar character to this, against the same defendant, is not entitled to the same consideration, and his opinion is not entitled to have the same weight as that of a witness who is disinterested, and who has equally as good knowledge of what he testifies to." The infirmity in the instruction condemned is that part which suggested the idea that a witness who has a lawsuit against one of the litigants is not entitled to the same consideration as a witness who is disinterested. The difference in the two instructions is obvious.

In response to a question put to the court by a juror this instruction was given: "I have no right to instruct you as to what sentence might be in case the defendant is found guilty on either of the three counts in the indictment. That is a question [with] which you have nothing in the world to do. The question that you have to determine is simply a question of fact. It is entirely out of place for you to consider what punishment might be inflicted upon the defendant in case he is found guilty of any offense, that is a question that comes later in the case. You are to consider the evidence adduced in this

case and then determine as to the defendant's guilt or in-. nocence and nothing else. The law prohibits this court from giving you any instructions, or making any remarks to you whatever as to what punishment the defendant might receive in case he is found guilty." This instruction assumed nothing, and very properly told the jury it was none of their business as to the punishment. That question in a case like this is for the court, and arises after verdict of guilty, and not before.

At the request of the state the court informed the jury that "a deadly weapon is one likely to produce death, or great bodily injury, as a knife, an ax, or a club." It is urged that the instruction was prejudicial, in that by naming a knife it emphasized that instrument as a deadly weapon. It did no such thing. The court designated a knife, an ax and a club as deadly weapons, and emphasized one of them no more than the others.

Lastly, it is urged that the fourth instruction given on the request of the state is erroneous. It reads: "The court instructs the jury that the intent with which an act is done is a mental process, and as such generally remains hidden within the mind where it is conceived, and is rarely, if ever, susceptible of proof by direct evidence, but must be inferred, or gathered from the outward manifestations, by the words or acts of the party entertaining them, and the facts or circumstances surrounding or attendant upon the assault with which it is charged to be connected." The criticism is upon the use of the word "must." The court, by employing that word, merely intended to convey to the jury that the intent of a person is deducible from his words and conduct only, and not that the jury were obliged to infer the unlawful intent in the case. The instruction was doubtless copied from the opinion in *Botsch v. State*, 43 Nebr., 501.

It follows that the judgment must be, and it is,

AFFIRMED.

SULLIVAN, J., dissents.