JOHN HOLMES V. STATE OF NEBRASKA.

FILED DECEMBER 14, 1909. No. 16,056.

</div>

1. **Criminal Law:** ACCUSED AS WITNESS: CREDIBILITY: INSTRUCTIONS. Where a person on trial for a crime testifies in his own behalf, he becomes as any other witness, and his credibility is to be tested by the same rules as are legally applied to other witnesses. It is proper for the court to so instruct the jury, and in addition thereto to inform them that in determining the credibility which shall be accorded to his testimony they may take into consideration the fact that he is interested in the result of the prosecution; but it is error for the court to inform the jury that as a general rule the witness who is interested in the result of the suit will not be as honest, candid and fair in his testimony as one who is not so interested.

2. **Case Overruled.** So much of the opinion in *Clary v. State,* 61 Neb. 688, as upholds such an instruction is disapproved and overruled.

ERROR to the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Reversed:*

*J. G. Thompson* and *Ed L. Adams,* for plaintiff in error.

*William T. Thompson,* Attorney General, and *George W. Ayres, contra.*

BARNES, J.

John Holmes was convicted of the crime of assault and battery in the district court for Harlan county, and was sentenced to pay a fine of $100, together with the costs of prosecution. He has brought the case here by petition in error, and will hereafter be called the defendant.

The record contains several assignments of error, but one of which will be considered in this opinion. That contention is that the district court erred in giving paragraph 9 of his instructions, which reads as follows: "You are instructed, gentlemen of the jury, that the credit of a witness depends largely upon two things, that is, first, his ability to know what occurs, and his disposition for telling the truth as to the occurrence. Statements made by a witness having superior opportunities for knowing what took place, and superior intelligence and memory, and being entirely uninterested in the event of the suit, other things being equal, are entitled to greater weight before the jury. One of the tests for determining the credibility of a witness is his interest in the result of the suit. As a general rule, the witness who is interested in the result of the suit will not be as honest, candid and fair in his testimony as one who is not so interested; but the degree of weight to be given to each and all of the witnesses is a question for you alone, and not for the court." We think defendant's exception to the instruction quoted is well founded. The law gives a defendant in a criminal prosecution the right to testify in his own behalf, and, if he sees fit to exercise that right, he becomes as any other witness, and his credibility should be subjected to the same tests as are legally applied to other witnesses. *Burk v. State*, 79 Neb. 241. The court should not attempt to discredit him and destroy the effect of his evidence, but should leave its weight and credibility to the jury without unfavorable comment.

By the tenth paragraph of his instructions the trial court stated the correct rule. That paragraph reads as

follows: "You are instructed, gentlemen of the jury, that the defendant in this case has taken the stand and testified in his own behalf, and that this under the law he is entitled to do, and you are bound to consider his testimony; but, in determining what weight you will give the testimony, you may weigh it as you would the testimony of any other witness, and you may take into consideration his interest in the result of the trial, and give to his testimony such weight as under all the circumstances you think it is entitled to." This form of instruction was approved in *Richards v. State,* 36 Neb. 17, and is fair alike to the defendant and the state. In such a case the court should not by unfavorable comment single out the evidence of the defendant and discredit him before the jury.

The attorney general has directed our attention, however, to *Clary v. State,* 61 Neb. 688, where an instruction like the one in question was upheld, and contends that we should again give it our approval. It appears in the *Clary* case that there was no bill of exceptions, and the court was therefore unable to say that the defendant was prejudiced by the instruction. Commenting on the question it was there said: "Without the bill of exceptions we cannot know that the accused was prejudiced. * * * We have said that in the absence of a bill of exceptions instructions will be presumed free from error, unless they are erroneous under any possible case made by the proofs under the issues. *Home Fire Ins. Co. v. Weed,* 55 Neb. 146."

In *Omaha B. R. Co. v. McDermott,* 25 Neb. 714, an instruction in the following language was held to have been properly refused: "And you are instructed that witnesses who are disinterested are entitled to more weight than those who for any reason are shown to have an interest in the determination of the case. A witness who has a lawsuit of a similar character to this, against the same defendant, is not entitled to the same consideration, and his opinion is not entitled to have the same weight as that

of a witness who is disinterested, and who has equally as good knowledge of what he testifies to." It was there said that the infirmity of the instruction condemned is that part which suggested the idea that a witness who has a lawsuit against one of the litigants is not entitled to the same consideration as a witness who is disinterested.

In the case at bar it appears from the bill of exceptions that the defendant testified, in substance, that, while he was having an altercation with another, the complaining witness seized him by the shoulder, at the same time calling him a rowdy, and it then appeared to him as though the witness had attacked him; that he delivered the blow, with his fist, which is complained of, in what he thought was necessary self-defense. There was a conflict of evidence on this point. One or two other witnesses corroborated the defendant, while the complaining witness testified that he did not lay hands on the defendant, but was about to arrest him for riotous conduct, and before he could do so defendant struck him and knocked him down. It therefore seems clear that the statement coming from the court that, "as a general rule, the witness who is interested in the result of the suit will not be as honest, candid and fair in his testimony as one who is not so interested" must have been highly prejudicial to the defendant, and calls for a reversal of the judgment. We therefore disapprove of and overrule so much of the opinion in *Clary v. State*, 61 Neb. 688, as upholds the instruction complained of.

For the foregoing reason, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.