THE CITY OF OMAHA, PLAINTIFF IN ERROR, V. ELLEN
SCHALLER, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. **Municipal Corporation:** GRADING STREETS: DAMAGES. In
an action against a municipal corporation for damages sustained
by a lot owner by reason of the excavation of a street in front
of the property, for the purpose of reducing it to an established
grade, the question of the proper method of proving damages
cannot be for the first time raised in the supreme court.

2. ———: ———: ———. Special benefits, which should be de-
ducted from damages sustained by real estate by reason of a
public improvement, must be such as specially benefit the par-
ticular property damaged, aside from benefits conferred upon
other property generally in the neighborhood of or adjacent to
the improvement.

3. **Instructions** examined and no error found in such as were
given, or in refusing those not given.

ERROR to the district court for Douglas county. Tried
below before DOANE, J.

*J. L. Webster,* for plaintiff in error, cited: *Chicago &
Pacific R. R. Co. v. Frances,* 70 Ill. 238; *Eberhard v. C.
M. & St. P. Ry. Co.,* Id. 347; *Shawneetown v. Mason,* 82
Id. 337; *City of Denver v. Bayer,* 7 Col. 113; *City of
Atlanta v. Green,* 67 Ga. 386; *City Council of Montgom-
ery v. Townsend,* 80 Ala. 489; *Penn. R. R. Co. v. Marchant,*
27 Am. L. Register, 381.

*A. C. Wakeley,* and *Lake & Hamilton,* for defendant in
error, cited: *Parks v. Hampden,* 120 Mass. 395; *Whitch-
ter v. Benton,* 50 N. H. 25; *Milwaukee R. R. Co. v. Eble,*
4 Chandler, (Wis.,) 72; *Petition of Mount Washington Road
Co.,* 35 N. H. 134; *Carpenter v. Landaff,* 42 Id. 218.

REESE, CH. J.

This is a proceeding in error to the district court of Douglas county. The first trial resulted in a verdict and judgment in favor of plaintiff in error, when the cause was reviewed by this court and reversed, and a new trial granted. The second trial resulted in a verdict in favor of defendant in error for $2,050. A motion for a new trial was made and overruled, and plaintiff in error now brings up the cause for review by proceedings in error, the principal contentions being that the verdict was not sustained by sufficient evidence; that even if supported by the evidence, it was excessive; that the court erred in giving certain instructions to the jury, and in refusing to give certain others asked by the city on the trial.

These questions will be noticed in their order. It will not be necessary to restate the facts, as they are fully stated in the opinion written by Judge MAXWELL on the former hearing, which is reported in 22 Neb. 325.

As to the first contention, we must be content in saying that we find the evidence conflicting to such an extent as to preclude inquiry into this part of the case. The method of proving damages adopted by defendant in error was by showing what it would cost to remove the dwelling house and barn from the lots which were alleged to have been damaged by the excavation made in grading the streets, the loss of cellar, well, and cistern, fruit and shade trees, etc.; and the cost of bringing the lot down to the proper grade. There seems to have been no serious contention upon any of these questions except as to the cost of grading the lots. Witnesses for plaintiff and defendant differed as to the number of cubic yards in the work; the depth to which the excavation would have to be, the cost per yard, and the probable price for which the removed earth could be sold. The jury was fully informed as to the condition of

the property, both before and after the excavation had been made. If the evidence for defendant in error was correct, and of this the jury were the sole judges, the verdict was right, and was not excessive. Objections are now made to the method adopted by defendant in error in proving her damages. Upon this part of the case it must be sufficient to say that no objection was made upon the trial; and as the method adopted seems to have been entirely satisfactory to both parties at that time, the question cannot now be considered. This is especially true since upon an examination of the whole case we find the evidence a sufficient basis for the verdict.

It is next insisted that the court erred in its instructions to the jury, and in refusing to give instructions asked by the city. The instructions given, and of which complaint is made, were as follows:

"2d. As against the damages, if any, which you may find the plaintiff has sustained by reason of the grading of the streets, you will set off and deduct such special benefits, if any, which have been conferred upon plaintiff's lots referred to, by the grading of the streets along and in front of the lots, and if such special benefits, if any, you find to have been equal to or in excess of the damages, then the plaintiff cannot recover.

"3d. By 'special benefits' are meant such benefits, if any, as accrued to the lots by the grading of the street, by reason of their fronting upon a street better graded than before, or by being rendered more accessible, if previously inaccessible, or any other benefits conferred specially by the grading of the streets, upon plaintiff's lots, which are not shared by the property in general upon the street or in the vicinity of the improvements.

"4th. Such benefits, if any, as were conferred by the grading of the street, upon plaintiff's lots, which were shared in common by all other lots upon the street or in the vicinity thereof, cannot be considered in estimating the

amount of 'special benefits' to be deducted from the damages sustained by plaintiff by reason of the grading of the streets.

" 5th. The benefits which may be so considered, are no less 'special benefits' because other lots on the same street and similarly situated to plaintiff's lots, have all been benefited in some degree by the same improvements, and in like manner.

" 6th. If you find from the evidence, that by reason of the grading of the streets the lots of plaintiff were so specially benefited in the particulars above specified, as that the market value of the lots after the grading was as great or greater than it was before the grading, the plaintiff is not entitled to recover in this action; but in considering the question of the benefits derived by plaintiff's lots from the grading, and the effect produced thereby upon the market value of the lots, you will be careful to distinguish between such benefits as are common to all the property on the street or in the vicinity of the street, and such as arose from the peculiar location of these lots, and their situation with reference to the street and the previous condition of the street immediately in front of these lots. The first are called 'general benefits,' and any addition to market value by reason thereof are not to be considered, nor is any *general* advance in market values owing to the growth of the city, or any other causes, to be considered; but the benefits arising from the peculiar location of the lots and their situation with reference to the street and the previous condition of the street in front of the lots, and the betterment of the lots by reason of the changed condition of the street in front of them, are called 'special benefits,' and any increase in value of the lots by reason thereof may be considered."

Plaintiff in error requested the court to give the following instruction, which was refused:

"The jury are further instructed that whatever enhancement in value the plaintiff's lots received by reason of the

grading, by making the same more accessible and thereby causing them to front on better streets than theretofore, such enhancement in value would be special to the plaintiff's property and the city would be entitled to have the same offset against any damages proven by the plaintiff."

By the second instruction given, the court very properly instructed the jury that special benefits could be set off against the damages sustained. By the third, fourth, fifth, and sixth instructions, what are denominated special benefits are fully and in substance correctly defined; at least we are unable to see anything of which plaintiff in error could complain, the fifth being fully as liberal as plaintiff in error could have desired.

The instruction asked by plaintiff was properly refused. It was too general in its definition of "special benefits." It would not do to say that whatever enhancement of value the lots received by reason of the grading of California street, and of Twenty-fifth street, providing such enhancement in value was directly caused by grading the street, and making the lots more accessible and causing them to front on better streets than previously, would constitute a special benefit, for these betterments might be common to every foot of property fronting on the streets named. A special benefit to be deducted from damages caused by a public improvement, must be one that is, in some degree at least, specially enjoyed by the property damaged; that is, one that specially benefits the particular property aside from the benefit conferred upon other property in the neighborhood of or adjacent to the property in question. These would constitute general benefits, and they must be excluded. (*City of Omaha v. Kramer*, 25 Neb. 489. See also cases cited in brief of defendant in error.)

We are unable to detect any error in the record. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.