# GALLATIN CANAL COMPANY, Appellant, v. LAY, Respondent.

Appeals — *Specification of errors.* — Insufficiency of the evidence to support the decision cannot be considered, where the record on appeal discloses no specification upon the point of which the insufficiency is predicated. (*Carron* v. *Wood, ante,* p. 500, cited.)

Damages — *Proof* — *Testimony of witnesses.* — It is no objection to the testimony of a witness as to the damages resulting from a particular act that he may not have considered the benefits which might also result therefrom. (*Carron* v. *Wood, ante,* p. 500, cited.)

Findings — *Practice.* — Separate findings by the court of the amount of damages and benefits resulting from the taking of land for canal purposes is unnecessary, in the absence of evidence of benefits in any sum.

Appeals — *Practice — Amendments.* — Amendments which have been allowed to a statement on motion for a new trial will not be considered by this court on appeal, when such amendments do not appear in their appropriate places, but are tacked to the end of the statement in their original language with reference to pages and lines in the original draft.

*Appeal from Sixth Judicial District, Gallatin County.*

The cause was tried before Henry, J., without a jury.

*E. P. Cadwell* (*Henry C. Smith,* of counsel), for Appellant.

The date of the issuance of the summons is the date at which the value of the land taken and the damage to that remaining shall be ascertained. (§ 609, Code Civ. Proc.) This fixing of the time at which values shall be assessed has been held proper in decisions under similar statutes (*California Southern R. R. Co.* v. *Kimball,* 61 Cal. 90; *Tehama Co.* v. *Bryan,* 68 Cal. 57; *Arcata etc. R. R. Co.* v. *Murphy,* 71 Cal. 122; *San Francisco & San Jose R. R. Co.* v. *Mahoney,* 29 Cal. 112); and independent of statute, it has been held that the value should be taken at date of filing petition. (*South Park Commrs.* v. *Dunlevy,* 91 Ill. 49; Lewis' Eminent Domain, § 447.) The testimony, not having reference to the time at which the values should be assessed, its admission was error. Testimony as to damages in gross is not proper. From the sum total of all elements of damage should be taken the sum total of benefits, and the difference, if any, is the damage, allowed to the land not taken, but the result is for the court and not the witnesses; it is the conclusion for the court to find, not for the witnesses to

state. (Lewis' Eminent Domain, §§ 404, 465, 467, 468, 469, 496, 497, 498; *Page* v. *Chicago etc. Ry. Co.* 70 Ill. 324; *Woodfolk* v. *Nashville etc. R. R. Co.* 2 Swan, 422.)

The evidence was improper, for the reason that it was merely the opinion of the witness, without it appearing that he is capable of giving an opinion. Damages or the value of the elements of damages are to be ascertained from the opinion of witnesses, but before they can be allowed to testify, it must appear that they have some peculiar means of forming an intelligent and correct judgment as to the value of the property in question, or the effect upon it of a particular improvement beyond what is presumed to be possessed by men generally. (Lewis' Eminent Domain, §§ 436, 437; *Rochester & Syracuse R. R. Co.* v. *Budlong*, 10 How. Pr. 289; *Boston & Maine R. R. Co.* v. *Old Colony & Fall River R. R.* 3 Allen, 142.) The rules laid down in our statute, by which damages are assessed, were not followed. (§ 609, Code Civ. Proc.; *Leroy etc. R. R. Co.* v. *Ross*, 40 Kan. 605; *Wichita etc. R. R. Co.* v. *Kuhn*, 38 Kan. 677; *Baltimore & Ohio R. R. Co.* v. *Pittsburg etc. R. R. Co.* 17 W. Va. 812; *Beekman* v. *Jackson Co.* 18 Or. 283.) No written request for special findings was made in this case as required by section 280 of the Code; but we submit that in a case where the statute makes it necessary and requires that certain proceedings should be had, and findings in a certain manner, that it is much more imperative upon the court so to find than though written request had been filed, and whenever it becomes the duty of a court to make special findings of fact in a case tried before it, either at the request of the parties, or either of them, or by statute, it then becomes essential to a valid judgment, that special findings of fact be made as to every material issue in the case.

*Charles S. Hartman*, for Respondent.

The question of damages is not confined to the particular tract of land crossed or taken by the canal, but goes to the entire parcel of land affected by its construction. (§ 608, Code Civ. Proc.; *Kansas City etc. R. R. Co.* v. *Merrill*, 25 Kan. 421; *Atchison etc. R. R. Co.* v. *Blackshire*, 10 Kan. 477.) Damages resulting to the remainder of the tract not taken on account of

the shape in which it will be left, or of the effect of an embankment built along the track, are not special damages, and may be proved without being set up in the answer. (*North Pacific R. R. Co.* v. *Reynolds,* 50 Cal. 90.) It is proper to estimate the land occupied by the company, the deterioration of isolated parcels, the alteration of arrangements required about the farm, and the loss or expenditure caused by any increase of care or distance which has been occasioned. (Angell on Highways, § 106.)

The testimony of witnesses was properly admitted to prove the value of the land before the taking for canal purposes, and after, and for proving the damages sustained by respondent. (*Montana Ry. Co.* v. *Warren,* 6 Mont. 276.) These witnesses testified that they were farmers, residing in the neighborhood of the land of respondent affected by the canal of appellant; that they were acquainted with its value before and after the taking of the land by appellant, and these facts rendered them competent. (Lawson's Expert Evidence, p. 436; *Montana Ry. Co.* v. *Warren,* 6 Mont. 276.) The objection that "compensation for each source of damage was not assessed separately," even if it were well taken, comes too late. (*Matter of Clear Lake Water Co.* 48 Cal. 586.) But the findings of the court are for "two hundred and fifteen dollars, the value of the land taken up by canal, and for seven hundred and eighty-five dollars damage," and these damages being general, it was not necessary that the court should enter into more extended details in making his finding. (*North Pacific R. R. Co.* v. *Reynolds,* 50 Cal. 90; *California Pacific R. R. Co.* v. *Frisbie,* 41 Cal. 356.) Appellant seems to rely especially upon the alleged failure of respondent to prove the value of the land on the exact day of the issuance of the summons. Unless it appears from the evidence that there has been an increase or decrease in the value since the date of summons, this is not necessary. (*Arcata etc. R. R. Co.* v. *Murphy,* 71 Cal. 122.) But if it were necessary, the evidence being directed to the time "before the taking of the land by the canal company," will be deemed to relate to the date of the summons.

DE WITT, J.—This is an appeal from an award of damages

for the taking of land of the respondent for the purposes of a canal. Commissioners were appointed in the statutory manner, who appraised the amount of damages. For their award defendant appealed to the District Court, wherein the matter was tried by the court, and findings made in favor of defendant in the sum of two hundred and fifteen dollars, the value of the land taken, and for seven hundred and eighty-five dollars damages. Judgment was entered accordingly. The canal company appeals from an order denying a motion for a new trial, and from the judgment. We will examine the points presented by counsel for appellant.

1. Appellant argues at the bar that the decision is not supported by the evidence, in that there was no evidence of the value of the land at the date of the summons, basing his position upon section 609 of the Code of Civil Procedure, which provides that the actual value of the land at the date of the summons shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected. But the record discloses no specification upon this point, and it cannot be considered. The last utterance of this court on that question is in *Carron* v. *Wood, ante,* page 500.

2. There is evidence of a number of witnesses that the land taken was worth twenty dollars an acre. The court found that the land taken was worth two hundred and fifteen dollars. Appellant contends that there is no testimony of the number of acres taken, and hence no evidence by which the court could arrive at a total of two hundred and fifteen dollars. Again, consulting the specifications, we find, "fifth," that the appellant expressly specifies that it is admitted that there were ten and three-fourths acres taken by the canal, which acreage, at the value per acre of twenty dollars, gives a total of two hundred and fifteen dollars, as found by the court.

3. Appellant claims that there was error, in that witnesses were interrogated, and allowed to testify, as to damages in gross, as he calls it; whereas they should have testified as to damages and injuries to the premises, and again as to benefits; and, citing appellant's brief, "the difference, if any, is the damage allowed to the land not taken, but the result is for the court

and not the witnesses; it is the conclusion for the court to find, not for the witnesses to state."

As a matter of course, evidence as to all damages is competent, and evidence as to all benefits is competent. But counsel seem to take the position that the witness must not speak of damages, unless, in the same utterance, he tells what he knows of the benefits; that is to say, that he must have them each in his mind at once, and weigh them each; and that when he has finished speaking he must have presented either a net result, or the facts from which the hearer may at once deduce the net result, and say what is the balance in favor of damage, if any; that is to say, that when a witness, in his testimony, finally informs the court or jury what the damage is, the sum arrived at must be a balance after deducting the benefits. But in the nature of things, when a witness is asked as to damages, he thinks of injuries alone as distinguished from benefits, and responds accordingly; and when the inquiry is as to benefits, his reply is upon that subject. Appellant objects that the questions were directed to damages alone and not to benefits, and that he, inquiring about damages, should have elicited information about benefits. The simple reply to appellant's position is that, if the canal company were interested in proving benefits, they had ample opportunity for cross-examination to ascertain whether respondent's witnesses had considered benefits in arriving at their figures, and of introducing direct evidence on that point. We have recently touched upon this proposition in Carron v. Wood, supra.

4. Appellant insists that there should have been separate findings of the court of the amount of damages and benefits. But the condition of the evidence upon the subject of benefits makes this matter immaterial to the appellant in this case. The whole evidence as to benefits is that two witnesses said that the cattle could drink from the canal. One said that if there is any seepage it would make the grass grow better, and another said that the canal makes water all the time, and he found it very convenient to have water upon all his fields. Not a witness testifies that the canal was a benefit in any sum whatever. A finding of benefits in any amount could not, therefore, have been sustained by the evidence; and if, on the evidence, the

court had found that there were no benefits, such finding would not have helped the appellant. We are of opinion that appellant has no complaint on this ground.

In the preparation of the statement, on motion for a new trial, it appears that amendments were suggested by the respondent. The amendments were allowed by the district judge in the following language: "The foregoing statement, after the same has been amended by allowing the amendments offered by the defendant, . . . . is allowed and settled." The amendments refer to changing words and inserting matter at different places in the statement in its original draft. Instead of making the amendments as the court ordered, and putting them into the statement at the appropriate places, the compiler tacks them on at the end of the statement, in their original language, with reference to pages and lines of the original draft. When a copy of the statement is made and sent to this court, with pages and lines all changed, and this court undertakes to arrange the amendments in their proper places (work which should have been done by the compiler), the matter is wholly unintelligible. The result is that we will disregard the amendments. We have heretofore endeavored to speak of this matter in unmistakable language, and we add this utterance to a long line of remarks in former cases. We find no error in the record. The order and judgment of the District Court is affirmed, with costs.

BLAKE, C. J., and HARWOOD, J., concur.