EUGENE L. BODGE, APPELLEE, V. SKINNER PACKING COMPANY, APPELLEE: CANADA CASING COMPANY, APPELLANT.

FILED MARCH 12, 1929. No. 26416.

*Fradenburg & Matthews* and *William P. Kelley*, for appellant.

*William Richie, Jr.,* and *A. C. R. Swenson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON and DAY, JJ., and HASTINGS and REDICK, District Judges.

THOMPSON, J.

This is an appeal from an order of the district court for Douglas county disallowing a claim filed by the Canada Casing Company against the Skinner Packing Company and its receiver. In the course of this opinion we shall refer to the claimant as the Canada Company.

The Canada Company is a corporation with its principal places of business at Montreal, Canada; Chicago, Illinois; and St. Louis, Missouri. The purpose of its organization was that indicated by its name, and included in such business was the manufacture (handling) of sheep casings used by packing companies in the manufacture of sausages and frankforters. The Skinner Packing Company was a corporation situate in the city of Omaha, and doing business as by its name signified. As an incident to its business it used in a limited way, at intervals, such sheep casings. Prior to the dates hereinafter mentioned the Skinner Packing Company had become financially embarrassed and closed its doors to business, save and except such as was necessary to close out the stock then on hand. On or about the 8th day of September, 1920, one Leavitt, who was at the time president and general manager of the Canada Company in Montreal, and also vice-

president of the Canada Company in Chicago, called at the plant of the Skinner Packing Company in Omaha for the purpose of selling to that company certain sheep casings, and introduced himself to the superintendent of the Skinner Packing Company and wanted to know who did the buying. He was taken by such superintendent to Mr. Crabbe, the purchasing agent, after meeting whom he was shown through the plant, which as heretofore indicated was then closed so far as its general operation was concerned, and as we find was known so to be by Leavitt. After passing through the plant with the superintendent he again renewed his question to Crabbe as to whether or not the Skinner Packing Company would give him an order for casings, and was informed that they would not at that time, but that he might call the next day at 10 o'clock, which he did, and then was given an order, signed by Crabbe as purchasing agent, for from four to five tierces of such casings to be shipped October 15, 1920. The order was in writing, signed as above stated, handed over to Mr. Leavitt, and he delivered it personally to the Chicago office of the Canada Company. Afterwards, without having informed anybody that he had given such an order, Crabbe wrote to Leavitt asking him not to ship until November 1, 1920. It might be well to state here that the evidence further shows that it was a rule adopted by the Skinner Packing Company, and well known to Crabbe, that he was without authority to give the order in question, or any other order, without first obtaining a requisition authorizing him so to do from the head of the department where the goods were needed, and after having such requisition approved by certain of his superior officers. Further, this procedure was not observed in the instance in question, but that which Crabbe did, he did on his sole initiative, and his superior officers were without knowledge that such order had been given, or that the letter requesting the extension of time of delivery had been written, until on or about the 15th day of November, 1920, when five tierces of such casings had arrived at Omaha

over the Chicago & Northwestern Railway, and were taken to the Skinner Packing Company plant. The chief officers becoming informed of this delivery, and on the same day, in the usual way procured the shipment to be received by the Chicago & Northwestern Railway and shipped back to the Canada Company at Chicago. Shortly thereafter a letter was written to such Canada Company by the Skinner Packing Company officers, informing it that the first knowledge the Skinner Packing Company had of such order having been given by Crabbe was the receipt of the shipment, and that the order was given without authority; that the return shipment had been made to it, and that it should get the goods at that point and place. On receipt of such notification, and after the goods had arrived at Chicago, to wit on November 22, 1920, the Canada Company immediately notified the Skinner Packing Company by wire that the goods had arrived but that it would not receive them, and they would remain there subject to the order of the Skinner Packing Company, as well as at its risk. The goods so remained for a time, and were later sold by the railway company for $33.75, and credit for that amount was given on the freight bill for the shipment. Then the claim in question was lodged.

We have carefully gone over the entire record, read the pleadings and bill of exceptions, and are convinced that the order in question was given without authority, and that the Skinner Packing Company knew nothing about it until the goods had landed in Omaha; that the circumstances surrounding the obtaining of the order by Leavitt were such as to inform him that the plant was closed, as it was, and that it was uncertain whether or not it would ever be reopened; that at any rate the Skinner Packing Company had casings of the kind on hand sufficient to operate for two months, and that this disputed order, if accepted, would serve the Skinner Packing Company for about six months additional. Further, we conclude that it was the duty of the Canada Company to receive the goods reshipped and thus avoid a loss by sale thereof. We are

strengthened in this conclusion, also, by the testimony of Mr. Leavitt, in which we find the following: "Q. And normally I take it if they (the goods) had been refused promptly the procedure would have been to have taken them back? * * * A. That is correct."

We might further state that the Skinner Packing Company was taken over by the Dold Packing Company about November 1, 1920, which was at or very near the time the casings in question were shipped by the Canada Company.

It is true that previous orders had been given by the Skinner Packing Company to the Canada Company for like casings, but in each instance the order was for but one tierce. Further, it is neither alleged nor proved that Leavitt, or any member of the Canada Company, at the time relied upon previous orders, or upon anything that indicated or tended to indicate apparent or implied authority on the part of Crabbe to sign and deliver the order in question. As to such previous orders, all correspondence, etc., relative thereto was addressed "attention provision manager," and not to a purchasing agent as in the instant case. Leavitt knew that the Skinner Packing Company had not been operating extensively, was at that time closed down, that it was not in need of casings to an extent covered by the order, and also must have known that where the goods were promptly returned, as in this case, the procedure would ordinarily have been to have taken them back.

Then, it might not be inappropriate to state that, in the trial of a law action to the court without the intervention of a jury, its findings of fact on conflicting evidence are entitled to the same force and effect as the verdict of a jury, and if the record contains evidence tending substantially to support such findings they will not be disturbed unless clearly wrong.

Under this record we are satisfied that the judgment of the trial court is right, hence should be, and is,

AFFIRMED.