CARRIE A. QUIVEY, APPELLANT, V. CITY OF MITCHELL, APPELLEE.
GARNETTE E. HALL, APPELLANT, V. CITY OF MITCHELL, APPELLEE.

277 N. W. 50

FILED JANUARY 4, 1938.   Nos. 30129, 30130.

*F. J. Reed,* for appellants.

*Floyd E. Wright, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

DAY, J.

These are actions to recover damages from the city of Mitchell for the change of grade of a street. The two cases were consolidated for trial in the district court, and in this court, because of their similarity. Hall's action also included assignments of sixteen other owners of real estate upon the street. All of these claims were submitted on the same evidence, and the questions presented are identical. The evidence, of course, differs upon the ownership of certain property, and the damages, but all of the claims are

based upon the damages to various pieces of abutting property upon the same street which was graded and paved. Upon the trial, a judgment was rendered in favor of the city of Mitchell, and an appeal was taken to this court.

Some years ago the city of Mitchell created a paving district to grade and pave a portion of Broadway street. The paving was to be twenty feet in width in the center of the street. The cost was to be met by a special assessment against the abutting property. As a preparation for this improvement, the city constructed a storm sewer which was also to be paid for by a special assessment.

The plaintiffs allege that in 1931 the city, for the use and benefit of the public, caused the street in front of their property to be graded to an unusual and excessive grade, raising the level of the street from two to three feet. The grade was about thirty feet wide, and in the center was placed a strip of paving twenty feet wide. They assert that it left the space between the edge of the paving and the curb line so deep that it was unfeasible, and in many cases impossible, to park a motor vehicle along the curb line in front of the various residences, and that egress was difficult and dangerous; that the dirt upon the street immediately in front of the property washed down and across the sidewalk; and that large volumes of water collected during the rainy season; and that the owners were precluded from improving the intervening street, or of paving to the curb line; and that the property was left practically unsalable for residence purposes; and that there is no other street or alley for entrance purposes to said property.

The city in its second amended answer admitted that the street was graded and paved as alleged, but avers the fact to be that the property is now better drained than before, but that the plaintiffs are estopped because they knew the street was to be graded and failed to complain or to take any action to stop said improvement. The city further answers, stating that the plaintiffs cannot claim damages because they joined in a petition for the paving,

and for the further reason that the cost of grading the street was included in the cost of the paving. The answer claims that the plaintiffs are estopped from claiming damages because, at the time of the levy of the assessment for the paving, the property owners objected to such levy for the reason that their property was damaged rather than benefited, and that this damage was taken into consideration at that time, and cannot now be considered. The city also pleads the statute of limitations.

The plaintiffs filed a motion to strike parts of the answer, and left, according to the appellants' complaint, but the one issue: "Was the property damaged by change of grade, and, if so, how much?" The first question presented for our determination is whether any of the issues stricken out by the order of the trial judge were defenses to the action. The city of Mitchell elected to join issues, and to go to trial upon the pleadings as they were limited by the order of the court. There is no need in this opinion to call attention to section 21, art. I of the Constitution, which provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." An examination of the answer and the ruling of the court thereon, appearing in both transcripts, of course starts with this background. It appears from the face of the petition that the defense of the statute of limitations was properly stricken. The answer itself shows that the action was not barred by the statute of limitations. The allegation that the work was done by the department of roads and irrigation in the state of Nebraska was also stricken. It was not material who actually did the work, and unless the plaintiffs could prove that the city was the motivating force, their cases would fail.

But there is a vital reason which prevents the appellants' complaint in this court, and that is that the motion striking these defenses was that of the appellants. They cannot cause and induce the trial court to commit an error, and then be heard to complain of that error here. That rule is too well established in the state to require argu-

ment. The city of Mitchell is the appellee here, and did not file a cross-appeal. The city prevailed in the district court, and so was not prejudiced by any of these rulings. The defenses of the city of Mitchell of estoppel were stricken out, and the same rule precludes our consideration of them. Estoppel, by the signing of the petition for the paving, and by the judgment of the city council, sitting as a board of equalization in assessing the benefits, is a very interesting and intriguing question not presented by this record. The court restrains itself from the temptation to discuss the interesting theoretical issues involved, when they are not pertinent to any issue presented here. The trial court, at the request of the appellants, narrowed the issue to the extent of the damages, if any, caused to abutting property by the change of grade.

A city is liable to an owner of abutting real estate for damages caused by changing the grade of a street. *Hammond v. City of Harvard*, 31 Neb. 635, 48 N. W. 462; *Stocking v. City of Lincoln*, 93 Neb. 798, 142 N. W. 104.

The city, it is charged here, changed the grade by elevating the street. This was done by grading and laying the center thereof with a strip of paving. While the record indicates that the grade was not changed as much as the plaintiffs contend that it was, it was raised some. The evidence is in dispute as to the exact extent of the raise. As stated, if the change of grade caused damage, the city is liable for the same. The measure of damages in a case where abutting property is injured by the city changing the grade of the street is the depreciation in the value caused by the construction and permanent maintenance of the grade. *City of Omaha v. Flood*, 57 Neb. 124, 77 N. W. 379; *City of Harvard v. Crouch*, 47 Neb. 133, 66 N. W. 276; *Omaha Belt Ry. Co. v. McDermott*, 25 Neb. 714, 41 N. W. 648.

The only evidence in this case is that of engineers that the cost of paving the property, filling in the lots, seeding the lawn, and raising the sidewalks, will be a certain amount. There was no serious objection to this line of

testimony, but at best it would only be some evidence corroborative of the damage. The trial judge viewed the street and the various parcels of property involved, and concluded that there was no damage. There is no witness who fixes the damage at any certain amount. There are other considerations to be taken into account in the question of damages. This court has heretofore enumerated them in several cases. For example: "Special benefits, which should be deducted from damages sustained by real estate by reason of a public improvement, must be such as specially benefit the particular property damaged, aside from benefits conferred upon other property generally in the neighborhood of or adjacent to the improvement." *City of Omaha v. Schaller*, 26 Neb. 522, 42 N. W. 721. In later cases the court set out the rule substantially the same, but somewhat elaborated: "The special benefits which may be properly set off against damages are such as increase the value of adjacent property, and these benefits are none the less special because an increased value has been thereby added to many adjacent private properties other than that to which a particular litigation is pending. Common benefits are such as are enjoyed by the public at large without reference to the ownership of private property adjacent to the public improvement out of which arose the benefits under consideration." *Barr v. City of Omaha*, 42 Neb. 341, 60 N. W. 591. See, also, *Kirkendall v. City of Omaha*, 39 Neb. 1, 57 N. W. 752.

There is no evidence in the case as to any amount of damage. Some witnesses say that the property is not as attractive and not as desirable as before. Others say it is not as valuable. The engineers testify as to the cost of restoring it to its relative position to the graded street. The property may be more valuable with the street paved. This is not a high grade. The engineers' findings indicate that the relative position of the houses to it are from 0 to 1.7 feet. Trial to a jury was waived. The trial court viewed the street and the property involved in this case and found that there was no damage. This finding is sup-

ported by the evidence of the record. The finding of a trial judge in a law action has the force of a verdict and will not be disturbed upon appeal unless clearly wrong. *Dickerson v. Surety National Farm Loan Ass'n*, 127 Neb. 67, 254 N. W. 679; *Ayres v. Atlas Ins. Co.*, 123 Neb. 285, 242 N. W. 604; *Bodge v. Skinner Packing Co.*, 118 Neb. 179, 224 N. W. 9. The finding is not clearly wrong in this case, because it is the only one which is supported by the evidence. The evidence in this case does not show that the appellants have suffered any damage in the depreciation of their property caused by the construction and the maintenance of the grade of this street. Since there is no damage, other errors, even if presented here, would not be prejudicial to the appellants, and would not constitute reversible error.

AFFIRMED.