W. J. MOSS, APPELLANT, V. CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, APPELLEE.

299 N. W. 345

FILED JULY 11, 1941. No. 31100.

*John C. Hartigan* and *Melvin Moss*, for appellant.

*R. O. Canaday* and *P. E. Boslaugh*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This action originated as one in eminent domain, brought by the power district, to acquire a right of way across lands owned by the appellant, W. J. Moss. Its present status is that of an action to recover compensation for land taken and consequential damages to the remainder of the land not taken. It is here on appeal by Moss from a judgment of the district court awarding him $319.

(1)

A jury was waived and the case was tried to the court. Plaintiff (Moss) offered evidence that the value of his land before the taking was $50 an acre, that 6.5 acres were taken, and that the consequential damages to the remainder of his land (a 240-acre tract) were $10 an acre. Various elements of consequential damages were testified to by plaintiff and his witnesses.

Defendant (power district) offered evidence of a somewhat lower value of the land taken, that 6.38 acres were taken, that of the remainder 45 acres were irrigable from defendant's system, that the building of defendant's project and the availability of water had increased the value of plaintiff's land, and contended that this increase was a special benefit which could be deducted from the consequential damages, and that plaintiff was entitled to recover only for land taken.

The trial court found that plaintiff was entitled to recover "the sum of $319 as the amount of his damage because of the taking" of his land.

The case was tried in the district court before this court heard and determined the case of *Prudential Ins. Co. v. Central Nebraska Public Power and Irrigation District,* 139 Neb. 114, 296 N. W. 752. From the evidence offered by the defendant, its reception in evidence over the plaintiff's objection, and the trial court's finding and judgment, it is evident that the trial court accepted the defendant's theory of the law of the case, which this court rejected in the above cited case. It is evident also that the trial court did not allow the plaintiff any recovery for consequential damages, and that in reaching that conclusion it followed erroneous rules as to the determination of damages and allowable deductions. The situation does not call for a further discussion of the facts.

The judgment is reversed and the cause is remanded for further proceedings in accord with the rules of law stated in the case above cited.

REVERSED.