THE PEOPLE OF PUERTO RICO REPRESENTED BY LUIS MUÑOZ MARÍN, GOVERNOR OF PUERTO RICO, Plaintiff and Appellee, v. HEIRS OF ROBERT L. JUNGHANNS, ETC., Defendants and Appellants.

No. 10575.    Argued June 12, 1952.—Decided August 4, 1952.

*Félix Ochoteco, Jr.,* and *H. Ramos Mimoso* for apellants. *Víctor Gutiérrez Franqui, Attorney General, Clemente Pérez Martínez* and *Jesús Zequeira, Assistant Attorneys General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The Puerto Rico Water Resources Authority filed a complaint to condemn 2.557 cuerdas of land [1] which formed part of a larger tract situated in the Pájaros ward of the municipality of Bayamón, in order to construct thereon a garage, a warehouse and a substation for the transforming of electric current. After a hearing on the merits the Court of Eminent Domain entered judgment fixing the amount of $7,642.06 as the just compensation to be paid for the parcel involved in the complaint. In the opinion delivered in support of its judgment it stated:

"On June 20, 1947, the Government of Puerto Rico, represented by its Commissioner of the Interior, condemned a strip of land of the Heirs of Junghanns which crossed the Junghanns's property from East to West, in order to construct a highway to facilitate traffic between Comerío and Principal Street of Bayamón. The center of the strip abutted upon the military road. After a hearing and upon examining the evidence presented, we held that the two portions bounding on the military road, having a depth of 25 meters, were worth $5 per meter, and that the rear portion of these two parcels was worth $3,000 per cuerda. The North portion of the lands which we then valued at $3,000 per cuerda includes the parcel herein condemned.

"Neither from the evidence heard in the former case nor from that presented here, does it appear that the Government intended to acquire the latter parcel when condemning the former, in which event it would have been our duty to apply the doctrine of *U. S.* v. *Miller,* 317 U. S. 369, were it not for Act No. 479, approved April 26, 1946."

It stated, moreover, in its opinion "that the condemned parcel, taking the new road into consideration, is worth $10,189.41 but, appraising it as if there had been no such road it is worth 25 per cent less, namely, $7,642.06. This is the value, as a question of law, of the parcel taken."

[1] It is empowered to do so by § 6(h) of Act No. 83 of May 2, 1941 (Sess. Laws, pp. 684, 692).

The only ground for reversal advanced on appeal by the defendants is that "the lower court erred in applying Act No. 479 of April 26, 1946, to the case at bar, holding that the defendants were not entitled to receive the amount of the fair value of the lands taken including the increment of said value due to the construction of a public improvement."

■■■ It appears from the record that two years prior to the commencement of the condemnation proceeding under consideration, the People of Puerto Rico condemned part of that same property in order to construct a highway which, crossing that and other neighboring properties, would connect, south of Bayamón, the so-called Military Road with the old road leading from said town to Comerío.[2] The lower court concluded, as we have seen, that the increment of value accruing to the remainder of the property ought to be deducted, proportionately, when appraising the 2.557 cuerdas involved in this proceeding, pursuant to § 2 of Act No. 479 of April 26, 1946 (Sess. Laws, pp. 1402, 1404), which reads:

"In case of the purchase or condemnation of private property for purposes of public utility or social benefit, the compensation shall be based on the reasonable value in the market of such property, without including any increase due to well-founded and reasonable expectation that the property acquired, or other property similar thereto, or situated within the locality where the former is situated, may now or later be required for public use or social benefit, or be necessary for some use to which it can be applied only by the People of Puerto Rico or any agency or instrumentality thereof with power for the condemnation of private property.

"In case of the sale or condemnation of the private property to which the preceding paragraph refers, *the compensation shall likewise not include any new increase by reason of the public*

---

[2] The complaint in eminent domain herein was filed June 14, 1949, and it is evident from the above-copied paragraphs of the opinion of the Court of Eminent Domain that the previous condemnation to construct the aforesaid highway took place on June 20, 1947.

*improvements or expenditures made in the locality by The
People of Puerto Rico through any of its executive departments,
agencies or instrumentalities."* (Italics ours.)

In discussing the only assignment of error the defendants
allege that the increase referred to in the foregoing provision
is the increment in value of a property resulting from the
benefits which might accrue to said property due to the con-
struction of a public work; that the authorities and decisions
classify these benefits into three kinds, to wit: (1) special
benefits; (2) neighborhood benefits and (3) general benefits;
and after giving their own interpretation of each one of such
benefits, the defendants add that "defendants' theory is in
short that the provisions of Act No. 479 . . . must be con-
strued in the sense that the prohibition, in a condemnation
suit, to consider 'any new increase by reason of the public
improvements' made by the People in the locality within
which the lands to be condemned are located, is limited to
the increase arising from 'special benefits' or at the most
from 'neighborhood benefits' but does not include the increase
derived from 'general benefits' "; that "this theory is predi-
cated on the fact that pursuant to the prohibition contained
in § 2 of our Organic Act, the Legislature of Puerto Rico
lacks power to enact a provision such as the one contained
in the Act with which we are concerned if the latter were
literally construed . . . And, therefore, our contention
(is), not that Act No. 479 is unconstitutional, but rather
that the provision thereof under consideration applies to
situations involving a 'special benefit' but not to those clearly
involving a 'general benefit.' " The defendants insist, fur-
thermore, that "there is still another question to which we
wish to call the attention of the Honorable Court, namely,
that when in a former case benefits accruing to the remainder
of a property by reason of the condemnation of part thereof
for the construction of a public work have already been con-

sidered, such benefits can not be taken into consideration again in a new condemnation proceeding against said remainder."

Although we agree entirely with the defendants that the lower court committed the error assigned, nevertheless, we do not agree with their theory. Given our interpretation of § 2 of Act No. 479, *supra*, we need not define or discuss the different kinds of benefits mentioned.[3] Section 2 must not be construed in an isolated fashion. Nor each paragraph thereof. On the contrary, in our opinion that Section as well as the two paragraphs of which it consists must be construed in the light of the general intention which prompted the lawmaker to enact the general act on that matter.[4] Thus construed, we think said Section refers only to those public improvements made in the locality by the People of Puerto Rico, closely related to a subsequent condemnation. In other words, we construe that statute to mean that if by virtue of a former condemnation a certain property has received benefits and another parcel of the remaining tract is thereafter taken, when the parcel involved in the subsequent condemnation is appraised, any increment or benefits accruing to the property taken by reason of the former condemnation must be taken into consideration, provided, of course, that the second or latter condemnation is not a sequel or is not connected with the previous condemnation. Of course, if the second or subsequent taking is connected with the original condemnation or is a continuation or sequel thereof, pursuant to the provisions of said Section, such benefits or increments must not be taken into consideration when appraising the parcel taken. *Cf. United States v. Miller*, 317 U. S. 369; 87 L. ed. 336, 342; 147 A. L. R. 55 and

---

[3] Definitions of the aforesaid benefits may be found in 145 A. L. R. 50; 18 Am. Jur. 942, § 298, *Prudential Ins. Co.* v. *Central Nebraska Pub. P. & I. Dist.*, 296 N. W. 752, 754 and Nichols on Eminent Domain, Vol. 3, § 8.6202.

[4] Act of March 12, 1903 as amended (Revised Statutes 1911, pp. 84 *et seq.*)

annotations at p. 66; *Scott v. United States*, 146 F. 2d 131; *Tigertail Quarries v. United States*, 143 F. 2d 110. Since in the instant case the parties admit, and the lower court concluded, that the previous condemnation in order to construct the branch in question is in no way connected with the new condemnation involved here, the Court of Eminent Domain, upon rendering judgment, should not have deducted from the value of the parcel taken the increment accruing to the latter by reason of the new means of communication. If including the aforesaid increment the lower court believed that said parcel was worth $10,189.41, this should have been the just compensation awarded.

The judgment appealed from will be reversed and another entered decreeing that the amount of $10,189.41 is the just compensation to be paid by the plaintiff for the 2.557 cuerdas herein taken.

Mr. Justice Snyder was not present at the hearing of this case, but agrees with the opinion.